PEOPLE *v.* PALMA

1. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS.

Defendant could not make a meaningful choice with reference to whether he should plead guilty or not guilty and therefore his plea was not voluntary where he was told that if he pled guilty he would be placed under the Holmes Youthful Trainee Act or have his sentence deferred so that he would have no record.

2. CRIMINAL LAW—PLEA OF GUILTY—COURT RULES—SENTENCE.

The court rule concerning acceptance of a plea of guilty was not fully complied with where it was not made plain to defendant that only the court could grant leniency and he was not asked if a promise of leniency had been made to him, and it was error to accept his plea of guilty (GCR 1963, 785.3).

3. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA.

A judge realizing that he cannot grant leniency because of subsequent convictions, has a duty so to inform the defendant and give him an opportunity to withdraw his guilty plea.

4. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—COURT RULES.

Denial of a motion to withdraw a plea of guilty after sentencing is an abuse of discretion where the court rule concerning sentencing was not complied with in accepting the plea (GCR 1963, 785.3).

---

REFERENCES FOR POINTS IN HEADNOTES

[1–4]  21 Am Jur 2d, Criminal Law §§ 485, 489.
[2]  21 Am Jur 2d, Criminal Law § 487.
[3]  21 Am Jur 2d, Criminal Law §§ 487, 490, 504, 505.
[4]  21 Am Jur 2d, Criminal Law §§ 491, 506.

Appeal from St. Clair, Halford I. Streeter, J. Submitted Division 2 June 18, 1970, at Lansing. (Docket No. 8,324.)   Decided August 3, 1970.

Louis Palma was convicted, on his plea of guilty, of illegal possession of narcotics. Defendant's motion to vacate plea and for new trial denied. Defendant appeals. Reversed and remanded for trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *W. W. Turton,* Prosecuting Attorney, and *James P. Adair,* Assistant Prosecuting Attorney, for the people.

*McDonell, Kramer & McDonald (Romulus Di Feodora,* of counsel), for defendant.

Before: FITZGERALD, P. J., and R. B. BURNS and DANHOF, JJ.

PER CURIAM. Defendant was stopped by the police for "switching lanes." The police searched defendant's car and, finding marijuana, took defendant before a justice of the peace where a warrant was issued for possession of narcotic drugs.

Defendant was arraigned in the circuit court and upon advice of counsel pled guilty to a possession of narcotics charge. Sentence was deferred.

Defendant failed to appear at the time of sentencing and a bench warrant was issued. Later the defendant, accompanied by his father, appeared in circuit court for sentencing. At this time he was represented by new counsel, his former attorney having been elected district judge. The new lawyer informed the court that he had just met the defendant and had little knowledge of previous proceedings but that he understood defendant had been told

he would be placed under the Holmes Youthful Trainee Act.* A check with defendant's former attorney revealed that he had discussed the Holmes act with defendant and his father even though it was not mentioned on the record at arraignment. The defendant and his father also stated that they were under the distinct belief that defendant was to be placed under the Holmes act.

The court proceeded to sentence the defendant to serve three to ten years imprisonment. This sentence was apparently based on the probation report which revealed that between conviction and sentencing defendant had been arrested two more times on charges of possession of marijuana. The defendant's attorney immediately made an oral motion to withdraw the guilty plea which the judge below denied.

Defendant's first assignment of error is that the court below did not fully comply with GCR 1963, 785.3(2) in accepting the guilty plea. Despite defendant's misplaced reliance on the infamous *People* v. *Taylor* (1968), 9 Mich App 333, *rev'd* (1970), 383 Mich 338, we agree that the guilty plea was improperly taken. Defendant was told that if he pled guilty he would be placed under the Holmes Youthful Trainee Act or have his sentence deferred so that he would have no record. In this context, defendant could not make a meaningful choice with reference to whether he should plead guilty or not guilty and therefore his plea was not voluntary. Although legal minds might differ about the certainty of the promise made to defendant, the record reveals that in the defendant's mind it was clear that such a promise was given. See *In re Valle* (1961), 364 Mich 471. Since it was not made plain

---

* MCLA §§ 762.11–762.16 (Stat Ann 1970 Cum Supp §§ 28.853[11]–28.853[16]).

to the defendant that only the court could grant leniency and he was also not in fact asked if a promise of leniency had been made to him, GCR 1963, 785.3(2) was not fully complied with and thus it was error to accept the plea.

It should further be noted that by not specifically informing the defendant that only the court could grant leniency, the trial judge impliedly participated in the promises which induced defendant's plea. When the judge realized that he could not grant leniency because of subsequent convictions, recent well-reasoned authority suggests that he had a duty to so inform the defendant and give him an opportunity to withdraw his guilty plea. In *People* v. *Riebe* (1968), 40 Ill 2d 565, 568 (241 NE2d 313, 314, 315), the Supreme Court of Illinois commented:

"The trial judge participated in the negotiations which preceded the plea of guilty, and at that time stated that the minimum sentences would be 'in the area' of the minimum sentences agreeable to the prosecution and the defense—that is, in the area of 20 years. When the trial judge thereafter changed his mind, and was no longer willing to impose minimum sentences of that duration, fairness required that he so inform the defendant and afford him an opportunity to withdraw his plea of guilty. See, ABA Minimum Standards for the Administration of Criminal Justice: Pleas of Guilty, Revised Standards 3.3, 2.1."

*Accord: People* v. *Delles* (1968), 69 Cal 2d 906 (73 Cal Rptr 389, 447 P2d 629); *Dodson* v. *Page* (Okla, 1969), 461 P2d 957.

Defendant's second assertion is that the court below erred by not granting defendant's oral motion to withdraw his plea made immediately after sentencing. In Michigan, after sentence is imposed, the motion for withdrawal of a guilty plea rests

within the sound discretion of the trial judge. *People* v. *Vasquez* (1942), 303 Mich 340; *People* v. *Kearns* (1965), 2 Mich App 60; *People* v. *Nelson* (1969), 18 Mich App 177. However, it is an abuse of that discretion for the judge not to allow the withdrawal of a guilty plea where GCR 1963, 785.3 (2) has not been complied with in acceptance of the plea. *People* v. *Barrows* (1959), 358 Mich 267; *People* v. *Wilkins* (1966), 3 Mich App 56. In the instant case therefore, since as pointed out above this court rule was not complied with in accepting the plea, the denial of the motion to withdraw, even though made after sentencing, was also error.

Accordingly, for the reasons expressed the defendant's conviction must be reversed and a new trial granted.

Reversed and remanded for a new trial.