## PEOPLE *v.* STERBINS

1. EXTRADITION—CHALLENGE TO PROCEEDINGS—ROLE OF CHARGING STATE.

    Challenges to extradition proceedings must be made in the asylum state; opposition to extradition comes too late upon submission to the jurisdiction of the charging state and a court of the charging state is an improper forum for review of the extradition proceedings.

2. CRIMINAL LAW—PLEA OF GUILTY—ADMISSION OF GUILT—COMPULSION.

    An admission of guilt may not be the product of compulsion when made at the time of offering the plea of guilty.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 31 Am Jur 2d, Extradition § 74.
[2] 21 Am Jur 2d, Criminal Law § 485 *et seq.*
[3–5, 8] 21 Am Jur 2d, Criminal Law §§ 503–505.
 Right to withdraw plea of guilty. 66 ALR 628.
[6] 21 Am Jur 2d, Criminal Law § 495.
[7] 21 Am Jur 2d, Criminal Law § 494.

3. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWING PLEA—BURDEN OF PROOF.

An assertion, in a motion to have a plea vacated, that an admission of guilt made at the time of offering the plea of guilty was, in some manner, compelled carries with it the burden of proving the allegation.

4. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWING PLEA—EVIDENTIARY HEARING—RIGHT TO HEARING—SUFFICIENCY OF ALLEGATIONS.

A defendant's mere allegation, in his motion to have his plea of guilty vacated, that he pleaded guilty because of a prior coerced confession or admission is not, without more, sufficient to entitle him to an evidentiary hearing as to the voluntariness of his plea.

5. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWING PLEA—COERCED PLEA.

Finding that defendant's plea of guilty had not been coerced was not error where the defendant had alleged that the arresting officers had promised leniency as to bond prior to his admission of guilt at his preliminary examination and that just prior to offering his plea, defense counsel assured him that the court would be lenient if a guilty plea was tendered where, at a hearing to determine the voluntariness of the plea, the officers were unable to recall that any promises of leniency had been made to defendant, defense counsel denied under oath that he had assured or promised any leniency from the court although he admitted a promise to argue for and recommend leniency, members of the defendant's family were unable to say with certainty that leniency had been promised, and the trial court had for its consideration defendant's denials, under oath, at his preliminary examination and at sentencing that he had been promised leniency or coerced to make his plea, because the trial court was in the best position to judge the credibility of the witnesses and there existed no greater reason for the trial court to believe defendant's repudiation of the voluntariness of his plea than there was to believe his assertions when the plea was made (GCR 1963, 785.3[2]).

6. CRIMINAL LAW—PLEA OF GUILTY—WAIVER OF JURY TRIAL—EXPRESS WAIVER.

A plea of guilty need not be accompanied by an express waiver of a jury trial.

7. Criminal Law—Plea of Guilty—Factual Basis—Defendant's Narration.

> The trial court properly accepted a plea of guilty to a lesser included offense of the crime originally charged where by defendant's own narration regarding his criminal activity the court established that defendant pleaded guilty to what was in fact participation in criminal activity amounting to the lesser offense.

8. Criminal Law—Plea of Guilty—Vacating Plea—Hope of Leniency.

> A plea of guilty will not be set aside where the defendant, knowing his rights and the consequences of his plea, hoped or believed, or was led by his counsel to hope or believe that he would receive a shorter sentence or a milder punishment by pleading guilty.

Appeal from Wayne, Joseph A. Sullivan, J.  Submitted Division 1 January 6, 1971, at Detroit. (Docket No. 8588.)  Decided April 21, 1971.

Kenneth M. Sterbins was convicted, on his plea of guilty, of assault with intent to rob and steal being armed.  Defendant appeals by leave granted.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

Kenneth M. Sterbins, *in propria persona.*

Before: R. B. Burns, P. J., and J. H. Gillis and Danhof, JJ.

J. H. Gillis, J.  Defendant, Kenneth M. Sterbins, having been granted leave to appeal,[1] comes before

---

[1] On June 5, 1967, defendant requested timely appointment of appellate counsel.  On September 30, 1967, defendant, through counsel,

this Court challenging the legality of the conviction
for assault with intent to rob and steal being armed.
MCLA § 750.89 (Stat Ann 1962 Rev § 28.284). On
March 30, 1967, the trial court accepted defendant's
plea of guilty to this offense[2] and on April 13, 1967,
sentenced defendant to incarceration for from 5 to
15 years. Essentially 2 issues are presented on appeal.

Defendant challenges proceedings in Florida
which, under the provisions of the Uniform Criminal
Extradition Act, MCLA § 780.1 *et seq.* (Stat Ann
1954 Rev § 28.1285 *et seq.*)[3], allowed for his transfer
from that state to Michigan. Our careful review of
the record reveals that this issue was first presented
at the appeal level and, therefore, is not properly
before us. *People* v. *Jackson* (1969), 17 Mich App
675; *People* v. *Ray Clifton Smith* (1969), 20 Mich
App 243. So that there will be no confusion, however, we briefly point out that challenges to extradition proceedings must be made in the asylum state;
upon submission to the jurisdiction of the charging
state, opposition to the extradition comes too late.
*Pettibone* v. *Nichols* (1906), 203 US 192 (27 S Ct 111,

---

filed with the circuit court a timely motion to withdraw plea after
sentencing. The issue of promise for leniency was never precisely
raised, though the matter was alluded to in paragraph 7 of defendant's amendment to the motion filed October 6, 1967. On January
18, 1968, the circuit court rendered an opinion denying defendant's
motion. Appointed counsel (and substituted counsel) failed then timely to file a claim of appeal pursuant to GCR 1963, 803.1. The Court
of Appeals, on February 3, 1970, granted defendant's application
for delayed appeal.

[2] Defendant was initially charged with robbery armed. MCLA § 750-
.529 (Stat Ann 1971 Cum Supp § 28.797). He pled guilty to and
was convicted of the lesser included offense of assault with intent
to rob and steal being armed. MCLA § 750.89 (Stat Ann 1962 Rev
§ 28.284). An "order to add a count to the criminal information—
*nunc pro tunc* as of March 31, 1967", was filed and entered April 14,
1967.

[3] 9 ULA, Uniform Criminal Extradition Act, § 1 *et seq.* The provisions of this act have been adopted both in Michigan (MCLA § 780.1
*et seq.*) and Florida (FSA §§ 941.01–941.30).

51 L Ed 148); *Ker* v. *Illinois* (1886), 119 US 436 (7 S Ct 225, 30 L Ed 421).[4] For the above reasons, this Court constitutes an improper forum for review of the extradition proceedings.

Defendant's other major issue on appeal is that his plea of guilty must be vacated and set aside, as the plea was not made and accepted in accord with the provisions of GCR 1963, 785.3(2). To support this argument, he alleges that his plea of guilty was compelled by the existence of his prior judicial admissions of guilt made under oath at his preliminary examination on March 9, 1967. These admissions of guilt, he contends, resulted from promises of leniency as to bond made to him by the arresting officers. Simply put, defendant asserts that had there been no inducements to admit his guilt at his own preliminary examination, he would have felt no compulsion to plead guilty when arraigned on the information on March 30, 1967.

In addition, defendant alleges that just prior to offering his plea of guilty, defense counsel assured him that the trial court would be lenient if a guilty plea was tendered.

It is the admission of guilt made at the time of offering the plea of guilty that may not be the product of compulsion. *McMann* v. *Richardson* (1970), 397 US 759 (90 S Ct 1441, 25 L Ed 2d 763). The assertion that such an admission was, in some manner, compelled carries with it the burden of proving such allegation. *People* v. *Winegar* (1968), 380 Mich 719 (*cert den* 395 US 971 [89 S Ct 2107, 23 L Ed 2d 759]). In seeking relief, a defendant's mere allegation that he pleaded guilty because of a prior coerced confession or admission is not, with-

---

[4] See 31 Am Jur 2d, Extradition, §§ 64 and 74.

out more, sufficient to entitle him to an evidentiary hearing on the matter. *McMann, supra.*[5]

In this case, however, defendant specified the form of the coercion, namely, admissions made in exchange for promises of leniency. The trial court, upon receipt of defendant's "delayed motion to vacate and set aside plea" (filed *in propria persona*), conducted an evidentiary hearing so as to determine the voluntariness of defendant's plea of guilty. At that hearing, the arresting officers were unable to recall that any promises of leniency as to bond were made to defendant prior to his judicial admissions at the preliminary examination or prior to his plea of guilty. In addition, defense counsel denied under oath that he had assured or promised any leniency to be forthcoming from the trial court at the time of sentencing. Although counsel admitted a promise to argue for and recommend leniency on behalf of defendant, he denied making any further guarantee in this regard.[6] Defendant's wife, stepmother, and grandmother, who testified at the hearing, were unable to state absolutely that promises of leniency were made; though it was their impression that leniency was warranted under the circumstances, they were unable to say with certainty that such had been promised.

In addition to these denials of promises by the above enumerated witnesses, the trial court had, for its consideration, defendant's earlier denials, under oath, that any promises had been made to him. At

---

[5] The Supreme Court stated: "We hold, therefore, that a defendant who alleges that he pleaded guilty because of a prior coerced confession is not, without more, entitled to a hearing on his petition for habeas corpus." *McMann* v. *Richardson* (1970), 397 US 759, 771 (90 S Ct 1441, 1449; 25 L Ed 2d 763, 773).

[6] For a more lengthy discussion concerning the "hopes" and "speculations" regarding sentencing made by defense counsel to an accused prior to his plea, see Judge Levin's concurring opinion in *People* v. *Gray* (1970), 29 Mich App 301.

his preliminary examination, prior to the first judicial admission of guilt, defendant was specifically asked by counsel for a codefendant:

"*Counsel:* Have you been promised anything to testify?
"*Defendant:* No, sir.
"*Counsel:* Have you been promised a dismissal of these charges if you would testify?
"*Defendant:* No, sir.

\*　　\*　　\*

"*Counsel:* Within the scope of everything that you were asked, do you think it is to your advantage and benefit to testify now?
"*Defendant:* No, sir."

After testifying at his preliminary examination, defendant was again asked:

"*Q.* For your testimony today, what have you been promised?
"*A.* I haven't been promised anything.
"*Q.* Did anyone tell you that the charges would be dismissed if you testified?
"*A.* No, sir.
"*Q.* Anyone tell you that you'd probably get probation if you testified?
"*A.* No, sir.
"*Q.* You are under oath today; do you know what that means?
"*A.* Yes, sir.
"*Q.* What does it mean?
"*A.* It means if I lie or say something that isn't true, it could be proven against me in perjury or—
"*Q.* Are you telling the truth right now?
"*A.* Yes, sir.
"*Q.* Are you telling the truth that no one has promised you a dismissal of charges?
"*A.* Yes, sir.
"*Q.* You have talked with the police officers in this case, is that right?

"*A.* I believe we all have, yes, sir.

"*Q.* And you have talked with the police officers in the counsel of your attorney here, is that correct?

"*A.* Would you please state that over?

"*Q.* Have you talked with the police officers when your attorney has been present?

"*A.* Yes, but I don't believe that had anything to do with the charges in general."

And upon offering his plea of guilty, defendant was asked by the trial court:

"*The Court:* Has anyone told you that the court would be lenient with you or might give you a break if you entered a plea of guilty here to this charge?

"*The Defendant:* No, sir.

"*The Court:* Has anyone threatened you in any way in order to get you to plead guilty?

"*The Defendant:* No, sir.

"*The Court:* You understand that you are entitled to a trial by jury in this matter, and that you do not have to establish your innocence, but the State must prove you guilty beyond a reasonable doubt?

"*The Defendant:* Yes, sir."

With all of this before it, the trial court rendered its opinion that "no testimony has been offered which convinces this court that defendant was 'promised' either a two-year sentence or probation". The trial judge who conducted the hearing and heard the testimony was in the best position to judge the credibility of the witnesses in this matter. See GCR 1963, 517.1. Our review of the record convinces us that upon conclusion of the evidentiary hearing there existed no greater reason for a trier of fact to believe defendant's repudiation of the voluntariness of his plea than there was to believe his assertions when the plea was made. The defendant failed to carry his burden of proving the

existence of coercion and there is, therefore, no basis on which this Court may hold that the findings of the trial court were erroneous or an abuse of discretion.

Briefly, in answer to defendant's remaining issues on appeal, we point out that upon offering a plea of guilty there need be no express waiver of a jury trial. *People* v. *Crow* (1968), 13 Mich App 594. The record reflects that the defendant was informed that he was entitled to a trial by jury where his guilt must be proved beyond a reasonable doubt. In view of this, his appeal on this point is without merit.

In answer to defendant's final argument, we observe that he offered his plea of guilty to assault with intent to rob and steal being armed. MCLA § 750.89 (Stat Ann 1962 Rev § 28.284). This plea was offered by way of defendant's own narration regarding his criminal activity. Our review of the record, in accord with the provisions of *People* v. *Dunn* (1968), 380 Mich 693, convinces us that the trial court established that defendant pleaded guilty to what was in fact participation in criminal activity amounting to the offense on which he was subsequently convicted. There has been no showing of error in this regard.

In conclusion, therefore, we find no grounds on which the defendant's plea of guilty should be vacated or set aside. As has so often been stated,

"  *  *  *  the mere fact that a defendant, knowing his rights and the consequences of his act, hoped or believed, or was led by his counsel to hope or believe, that he would receive a shorter sentence or a milder punishment by pleading guilty than that which would fall to his lot after trial and conviction by jury, prevents no ground for the exercise of this

liberal discretion." *People* v. *Miller* (1896), 114 Cal 10, 16 (45 P 986, 987).[7]

The decision of the trial court is, therefore, affirmed.

All concurred.

---

[7] Cited with approval in *People* v. *Goldman* (1929), 245 Mich 578, 583; *People* v. *Vasquez* (1942), 303 Mich 340, 342.