PEOPLE v BELANGER

1. CRIMINAL LAW—COMPETENCE TO STAND TRIAL—STATUTES—COURT RULES—NEW TRIAL.

   Failure to follow a statute or court rule respecting a determination of competency to stand trial does not ipso facto entitle a convicted defendant to a new trial; evidence substantiating incompetency-in-fact must establish that there is a violation of rights before a new trial will be ordered.

2. CRIMINAL LAW—COMPETENCE TO STAND TRIAL—COMPETENCE TO PLEAD GUILTY.

   A defendant who is competent to stand trial is also competent to plead guilty.

3. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS—WAIVER.

   A guilty plea may be involuntary because the accused does not understand the nature of the constitutional protections that he is waiving.

4. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS.

   A guilty plea may be involuntary because the defendant has such an incomplete understanding of the charge that the plea cannot stand as an intelligent admission of guilt.

5. CRIMINAL LAW—COMPETENCE TO STAND TRIAL—COMPETENCE TO PLEAD—PRIOR DETERMINATION OF COMPETENCE—PLEA-TAKING PROCEEDINGS.

   The competence of a defendant to stand trial or to plead is an ongoing concern, and a trial court should not place absolute reliance on a prior competence determination; a court, during a plea-taking proceeding, must recognize its obligation to render

REFERENCES FOR POINTS IN HEADNOTES

[1–11] 21 Am Jur 2d, Criminal Law § 63 *et seq.*

[2–8, 10, 11] 21 Am Jur 2d, Criminal Law § 485 *et seq.*

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

[9–11] 29 Am Jur 2d, Evidence §§ 527, 529, 543, 544, 554, 558 *et seq.*

Admissibility of pre-trial confession in criminal case—Supreme Court cases. 1 L Ed 2d 1741, s. 4 L Ed 2d 1834, 12 L Ed 2d 1340.

a separate finding of competence at the time and place a plea is offered.

6. CRIMINAL LAW—PLEA-TAKING PROCEEDINGS—TRIAL COURT RECORDS—COMPETENCE TO PLEAD—EVIDENCE OF INCOMPETENCE.

A trial court should provide, where the record provides significant evidence of possible incompetence, a record of its deliberations at a plea-taking proceeding rather than merely allowing its acceptance of the plea to serve as an implied finding of a defendant's competence to plead.

7. CRIMINAL LAW—COMPETENCE TO STAND TRIAL—COMPETENCE TO PLEAD—EVIDENCE OF INCOMPETENCE—HEARINGS—APPEAL AND ERROR.

The issue of a defendant's incompetence is appropriately presented whenever evidence of incompetence appears, whether before, during, or after trial; an appellate court may order a new trial where evidence of incompetence is presented and no hearing has been held.

8. APPEAL AND ERROR—CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS.

A lower court's finding that a defendant's guilty plea was given voluntarily should not be overturned unless clearly erroneous.

9. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS—PROMISE BY COUNSEL—SUPPORT IN RECORD—APPEAL AND ERROR.

A defendant's claim that he was induced to plead guilty by his counsel's promise of a deferred sentence and psychiatric care cannot be upheld on appeal where the record does not support this claim.

10. CRIMINAL LAW—PLEA OF NOLO CONTENDERE—FACTUAL BASIS—PRELIMINARY-EXAMINATION TRANSCRIPT.

A trial court may rely upon the preliminary-examination transcript to furnish the factual basis for a plea of nolo contendere.

11. CRIMINAL LAW—PLEA OF NOLO CONTENDERE—PERSONAL INTERROGATION BY JUDGE—COURT RULES.

A criminal case should be remanded for supplementation of the record where the trial judge, when accepting a plea of nolo contendere, failed to state on the record his reasons for believing that the interests of the defendant and the proper administration of justice did not require personal interrogation of the defendant regarding his participation in the crime; the plea must be vacated if the trial judge is unable to state a valid reason for not personally interrogating the defendant.

Appeal from Washtenaw, Patrick J. Conlin, J. Submitted December 8, 1976, at Lansing. (Docket Nos. 21031, 21032, 24130.) Decided February 2, 1977.

Robert Belanger was convicted, on his plea of guilty, of assault with intent to do great bodily harm less than murder and felonious assault. Defendant was convicted of a second count of felonious assault on his plea of nolo contendere. Defendant appeals. Affirmed in part and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *John J. Hensel,* Senior Assistant Prosecuting Attorney, for the people.

*F. Michael Schuck, III,* and *Domnick J. Sorise,* Assistant State Appellate Defenders, for defendant.

Before: D. E. HOLBROOK, P. J., and ALLEN and D. C. RILEY, JJ.

D. E. HOLBROOK, P. J. Defendant Robert Belanger was charged with assault with intent to commit murder (lower court No. 7550), MCLA 750.83; MSA 28.278, and two counts of assault with intent to do great bodily harm less than murder (lower court Nos. CR 7235 and CR 7237), MCLA 750.84; MSA 28.279, following a fight at an Ann Arbor bar the morning of September 23, 1973. Defendant entered guilty pleas to case No. 7550 and case No. CR 7237, and a plea of nolo contendere to case No. CR 7235. The charges in all these cases had been reduced as part of a plea bargain stated on the record. Case No. 7550 had been reduced to assault with intent to do great bodily harm less than

murder, MCLA 750.84; MSA 28.279. CR 7235 and CR 7237 were reduced from assault with intent to do great bodily harm less than murder to felonious assault, MCLA 750.82; MSA 28.277. The defendant indicated that he was aware of the possible maximum sentence the court could impose in all three cases, but insisted no one had promised him anything or induced him in any way to plead guilty and nolo contendere. The court accepted these pleas, finding them to have been voluntarily and knowingly made without threats, inducements or promises other than the plea bargain in the record. Defendant now challenges these plea convictions.

Because of the importance and complexity of the various procedures in the instant case, a detailed explanation of the proceedings below will be given.

Defendant was arraigned on the two less serious assault charges and bound over for trial in the circuit court on November 2, 1973. Apparently because of serious wounds inflicted on the complaining witness in the more serious charge, defendant was not arraigned on that charge (assault with intent to commit murder) until January 4, 1974. He was bound over to circuit court in that case on February 1, 1974.

The trial court granted a defense motion made January 17, 1974 for determination of defendant's competency to stand trial. A report from the forensic center stating that defendant was competent to stand trial was received on February 14, 1974. The next week a competency hearing was held at which time the court found defendant competent to stand trial. The more serious charge (case No. 7550) was not formally covered in the competency order because defendant had not been bound over to circuit court in that case until February 1, 1974.

It is important to note that defendant does not claim that the hearing of February 21, 1974 failed to comply with the statutory procedure for determining competency, MCLA 767.27a; MSA 28.966(11).

The week before trial, counsel for defendant filed a motion to determine defendant's competence in the more serious charge (case No. 7550). It was granted by the court and defendant was again sent to the forensic center. Since the diagnostic report had not been received by April 22, 1974, the date of trial, the judge and counsel for the defense and prosecution made a telephone conference call to the examining psychiatrist, Dr. Ames Robey. Dr. Robey indicated that defendant was competent to stand trial. He was fully questioned by both attorneys.[1] Returning to the courtroom with defendant present, the judge indicated for the record the details of the discussion with and the opinion of Dr. Robey. The judge then ruled for the second time that defendant was competent to stand trial and able to assist his counsel.

Defendant, as previously indicated, pled guilty to reduced charges. Defense counsel was present on May 9, 1974, when defendant was sentenced to 4 to 10 years in prison on the more serious charge, and 2-1/2 to 4 years on the two counts of felonious assault. In all three cases, defendant was asked if there were any circumstances which the court should be aware of or should consider before sentence was imposed. Defendant did not challenge the finding of competency nor did he claim there

---

[1] Dr. Robey also testified at the evidentiary hearing to determine if defendant's plea was involuntary because induced by promises of defense counsel. At this hearing, Dr. Robey testified that it was his opinion "that despite the fact that the defendant was clearly mentally ill, he was at the time competent to stand trial". He also indicated that he could not support a not-guilty-by-reason-of-insanity defense.

were any errors in the presentence report. Before passing sentence the judge indicated that he thought the defendant's record included two prior charges of assault with intent to do great bodily harm less than murder. However, that error was immediately called to his attention by defendant and defense counsel.

Defendant was allowed a postconviction hearing on several motions which was held on February 27, 1975. The court ruled that it did not err in finding the defendant competent without a formal hearing and without a written diagnostic report in case No. 7550, because of the extraordinary circumstances and because of the previous competency determination on the lesser charges (cases 7235 and 7237). The defense, moreover, did not claim the defendant was in fact incompetent to stand trial. The court denied defendant's motion for a new trial on that ground. The trial court also denied defendant's motion for resentencing, stating he had not relied on his misstatement regarding the degree of defendant's previous assault convictions or the defendant's constitutionally invalid misdemeanor conviction when determining defendant's sentence. In his order of April 17, 1975, denying the motion for resentencing, the judge specifically stated he did not rely on the allegedly infirm material in the presentence report or in defendant's past conviction record. Defendant appealed the denial of the motion for a new trial. This Court remanded for further proceedings.

The trial court then refused to hold an evidentiary hearing on the defense claim that defendant's pleas were involuntary because the trial court felt that the Court of Appeals did not specifically remand this case for an evidentiary hearing. An evidentiary hearing was had upon the matter

on December 3 and 4, 1975, following an order of
clarification from the Court of Appeals. This order
had indicated that the circuit court was to conduct
whatever evidentiary hearing was necessary to
verify the factual allegations contained in defend-
ant's motion to vacate the plea. Defendant's mo-
tion for a new trial and his brief in support of the
motion had alleged that defendant's plea was in-
duced by promises by his attorney of a deferred
sentence and psychiatric care and, therefore, was
involuntary. The court, therefore, properly re-
stricted the evidence admissible in the hearing to
that issue. Defendant was allowed to produce wit-
nesses to verify defendant's claim if they were
present when the defense attorney allegedly told
the defendant he was going to get a deferred
sentence and psychiatric care. After a full hearing,
the trial court found defendant's plea to have been
voluntarily made. Defendant challenges this find-
ing on appeal.

Our first issue deals with the alleged defect in
the competency hearing as to case No. 7550. We
must also clarify that competency was fully and
properly explored in a competency hearing as to
cases 7235 and 7237. Therefore, any deficiencies as
to a competency hearing as to 7550 do not affect
the earlier hearing. There has never been a mo-
tion for reevaluation in either of those cases. A
psychiatric evaluation was made pursuant to the
court order in case 7550, and the results affirmed
those of the first evaluation made in February.
The written diagnostic report from the forensic
center received four days after defendant's plea
confirmed that defendant was competent to stand
trial. The second diagnostic report was virtually
the same as the earlier report received in evidence
at defendant's competency hearing held in Febru-

ary. Defense counsel consented to the presentation of the second competency determination after a phone call made to the examining psychiatrist at the forensic center on April 22, 1974 before the pleas were entered. He also agreed to the incorporation by reference to the results of the earlier competency hearing, which complied with the statute.

Herein these cases all arose out of the same incident. They could and probably should have been consolidated to begin with. Nevertheless, they were not. Defendant did plead guilty to these three offenses at the same time. Defendant did have two examinations by the forensic center, and one full, fair and entirely proper competency hearing. Defense counsel at trial apparently could not see what could be gained by holding another competency hearing when he learned that the evidence was exactly the same as in the first hearing. Counsel did have an opportunity to require the statutory hearing, but obviously felt it would have been an exercise in futility. See *People v Stubbs,* 59 Mich App 574; 229 NW2d 854 (1975).

This case is controlled by the recent Supreme Court decision in *People v Lucas,* 393 Mich 522; 227 NW2d 763 (1975). As will be mentioned later in this opinion, defendant does not, on this appeal, contend that he was incompetent to stand trial. He does maintain that the court herein erred in not conducting the competency hearing required by MCLA 767.27a(4); MSA 28.966(11)(4). We agree that the competency hearing should have been held. Proper guidance as to the remedy to be given defendant was announced recently by this Court in *People v Tubbs,* 64 Mich App 341, 343–344; 236 NW2d 77 (1975), where we held:

"Defendant does not contend that he was in fact

incompetent at the time of his trial. We quote the *Lucas* opinion:

" 'As we said in *Blocker, supra, [People v Blocker,* 393 Mich 501; 227 NW2d 767 (1975)] failure to follow a statute or court rule respecting competency determination does not ipso facto entitle a defendant to a new trial. Evidence substantiating incompetency-in-fact must establish that there is a violation of rights before a new trial will be ordered. Here, as in *Blocker,* no evidence of incompetence was adduced at trial and no offer of such evidence is now made.' 393 Mich at 528.

"We therefore adopt the *Lucas* remedy. The conviction is affirmed without prejudice to defendant's right to file a delayed motion for new trial if he wishes to claim incompetency."

In his motion for retrial, defendant may contend that he was incompetent to plead guilty. We deem it necessary to guide the trial court in this matter. Defendant maintains that although he may have been competent to stand trial, he was not competent to tender a plea.

Defendant's argument for a higher standard of competence in order to plead guilty is apparently based on *Sieling v Eyman,* 478 F2d 211 (CA 9, 1973), which in turn has been properly criticized in *Competence to Plead Guilty: A New Standard,* 1 Duke L J 149 (1974). The argument that there is a different (higher) standard of competency for plea proceedings was more recently rejected in the sixth circuit. *United States v Harlan,* 480 F2d 515, 517 (CA 6, 1973), *cert den,* 414 US 1006; 94 S Ct 364; 38 L Ed 2d 242 (1973). In still another circuit, the *Sieling* decision has been further criticized. In *United States v Hewitt,* 528 F2d 339, 342, n 2 (CA 3, 1975), the Court commented on *Sieling v Eyman, supra.*

"In *Sieling v Eyman,* 478 F2d 211 (CA 9, 1973), the

Court interpreted *Westbrook [v Arizona,* 384 US 150; 86 S Ct 1320; 16 L Ed 2d 429 (1966)] as implying that a higher standard of capacity was required to enter a plea of guilty than to stand trial. We have difficulty with that premise.

"The *Dusky [v United States,* 362 US 402; 80 S Ct 788; 4 L Ed 2d 824 (1960)] standard for competence to stand trial requires that the accused have a rational and factual understanding of the proceeding. That level of competence would seem to apply to entering a plea as well as to standing trial. The trial court has the duty of determining the voluntariness of the plea and the defendant's understanding of its consequences. Interrogation by the judge is designed to provide an on-the-record demonstration that that obligation has been met. We do not think that a mental standard, different from that for trial competence, is required for a guilty plea."

In *Dusky v United States, supra,* the test for competency to stand trial was announced as whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him". 362 US 402; 80 S Ct 789; 4 L Ed 2d 825. We feel this is sufficient protection for any defendant, either in standing trial or in submitting a plea. Michigan's competency statute provides that:

"A person is incompetent to stand trial within the meaning of this section if he is incapable of understanding the nature and object of the proceedings against him, of comprehending his own condition in reference to the proceedings, or of assisting in his defense in a rational or reasonable manner." MCLA 767.27a; MSA 28.966(11) (subsequently repealed and replaced by MCLA 330.2020; MSA 14.800[1020]).

In addition to challenging his competency to

tender a plea, a defendant may also challenge his plea on the basis that it was not voluntary. See *Henderson v Morgan,* 426 US 637; 96 S Ct 2253; 49 L Ed 2d 108 (1976), *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975). A plea may be involuntary because the accused does not understand the nature of the constitutional protections that he is waiving. See *Johnson v Zerbst,* 304 US 458; 58 S Ct 1019; 82 L Ed 1461; 146 ALR 357 (1938). A plea may also be involuntary because the defendant has such an incomplete understanding of the charge that the plea cannot stand as an intelligent admission of guilt. *Smith v O'Grady,* 312 US 329; 61 S Ct 572; 85 L Ed 859 (1941). See also *Henderson v Morgan, supra.* Furthermore, Michigan has taken extensive precautions to insure the voluntariness of a plea. GCR 1963, 785.7(2), *Guilty Plea Cases, supra.* These protections, combined with the statutory provisions for standards and testing of competence to stand trial provide broad protection. To require an additional competency standard, and apparently an additional hearing and determination, in order to ascertain if a defendant meets some higher vague standard of competency to plead guilty is unwarranted, would be an additional burden on the courts and is not necessary to protect defendants who already have extensive protections as to guilty pleas.

The assertion of a higher standard of competency to plea-taking proceedings was fully considered by this Court recently. *People v Matheson,* 70 Mich App 172; 245 NW2d 551 (1976). This Court reviewed authority from Michigan, from the Federal courts and concluded:

"We accordingly reject defendant's request to apply a higher standard to plea-taking proceedings. However, we also find that, because competence is an ongoing

concern, a trial court should not place absolute reliance on a prior competence determination. The court must recognize its obligation to render a separate finding of competence at the time and place the plea is offered. More importantly, where the record provides significant evidence of possible incompetence, the trial court should provide a record of its deliberation rather than merely allowing its acceptance of the plea to serve as an implied finding of competence.

\* \* \*

"Recent cases concerning competence to stand trial have stressed that the issue of incompetence can only be raised by evidence of incompetence. *People v Blocker,* 393 Mich 501, 508–510; 227 NW2d 767 (1975), *People v Lucas,* 393 Mich 522, 527–529; 227 NW2d 763 (1975). These cases indicate that competence is an ongoing matter and is appropriately presented whenever evidence of incompetence appears, whether 'before, during or after the trial'. *People v Blocker, supra,* at 510. Where such evidence is presented, and no hearing has been held, appellate courts may order a new trial. *Id."* *Matheson, supra,* at 179–180.

Defendant does not even allege on this appeal that he was incompetent to stand trial. As his appellate counsel so noted at the evidentiary hearing:

"Your Honor, I think what we are going to attempt to demonstrate here today is that there is indeed a different standard to plead guilty than a standard to just be competent to stand trial, and it is very important to this case and relevant to this case because Mr. Belanger's particular mental illness and his background is particularly relevant as to whether his plea was voluntarily entered and also, very frankly, to whether he was competent to plead guilty, although *we are not contesting that he was competent to stand trial.* We are accepting at this point that determination by the Forensic Center and by Your Honor." (Emphasis added.)

Because we have rejected defendant's argument

that there is a different legal standard of competency for plea purposes we accordingly must instruct the trial court as to the standard of competency to plead. We believe *People v Lucas, supra,* and *People v Matheson, supra,* provide sufficient guidance for the trial court's determination in a future hearing.

Defendant also contends that his pleas were induced by promises of a deferred sentence and psychiatric care, and, therefore, were involuntary. An evidentiary hearing was held on December 3, 1975, pursuant to an order of this Court to hold "whatever evidentiary hearings are necessary to verify the facts or allegations contained in the defendant-appellant's motion to vacate plea and sentence and/or motion for new trial previously filed in the circuit court". The trial court held:

"It is the decision of the court that after hearing the factual allegations, it is the opinion of the court that under the present law, the plea was voluntarily made. There is no evidence on the record that there is any misrepresentation or promises by the attorney to Mr. Belanger. In fact, he was told there were several lines of defenses. He didn't know if the judge would go for Dawn Farms. He says he didn't expect to go to prison. 'Olsen didn't tell me that I could be absolutely sure that the judge wouldn't send me to prison.' The plea in this court does show that there were no inducements or promises, and this was stated under oath, and he, himself, stated it here—he stated that he was lying to me at the time, although that was questioned by the defense attorney as to whether or not he was actually lying. But the fact of the matter is that Dr. Robey did see him, and he did find him competent to stand trial and to assist his counsel at trial. In view of that, it is the opinion of the court that under the present state of the law, defendant's plea was voluntary."

The trial court is best equipped to determine

whether the defendant's guilty plea was induced by promises of leniency since it held an evidentiary hearing on the matter and had the opportunity to observe the demeanor of the witnesses and determine their credibility. *People v Byrd,* 12 Mich App 186; 162 NW2d 777 (1968), *People v Drain,* 24 Mich App 249; 180 NW2d 97 (1970), *People v Hall,* 399 Mich 288; 349 NW2d 62 (1976). The lower court's finding should not be overturned unless clearly erroneous. *People v Gray,* 29 Mich App 301; 185 NW2d 123 (1970), GCR 1963, 517.1. Where the record does not support a defendant's claim that a promise of leniency was made, normally such a claim cannot be upheld. *People v Hall, supra, In re Valle,* 364 Mich 471; 110 NW2d 673 (1961). Where there are bare assertions that pleas were made "involuntarily" because someone promises leniency, they are looked upon with suspicion. *People v Bartlett,* 17 Mich App 205; 169 NW2d 337 (1969), *People v Boone,* 68 Mich App 650; 244 NW2d 4 (1976). We feel the trial court was in the best position to analyze the testimony and judge the credibility of the witnesses. Where the record on review does not clearly support defendant's claim of an involuntary plea, there is no basis on which this Court may hold that the findings of the trial court are erroneous. *People v Nielsen,* 34 Mich App 261; 191 NW2d 121 (1971), *People v Sterbins,* 32 Mich App 508; 189 NW2d 154 (1971).

Defendant maintains that the test of voluntariness of a plea should be purely a subjective one. This cannot be so. The only Michigan authority even tending to support such a proposition is *People v Palma,* 25 Mich App 682, 684; 181 NW2d 808 (1970), where the Court stated: "Although legal minds might differ about the certainty of the

promise made to defendant, the record reveals that in the defendant's mind it was clear that such a promise was given." Although requiring defendant to believe that a promise was made, *Palma* also clearly required that the record support such a claim. The Court in *Palma* did find that "the trial judge impliedly participated in the promises which induced defendant's plea". 25 Mich App at 685. This does not support a purely "subjective" test of voluntariness of a plea. The administration of justice cannot support such a test. This Court recently observed:

"Claims of involuntary pleas must be heard by the trial judge, and a testimonial hearing held, even in cases where the guilty plea proceeding contains a statement by defendant that his plea is completely voluntary and that it is not induced by promises other than those on the record. That rule is stated in *People v Bartlett,* 17 Mich App 205, 218; 169 NW2d 337 (1969), as follows:

" 'We recognize that it is relatively easy for a defendant disappointed as to either the length of the sentence or distressed with his incarceration in prison to file the kind of affidavit that Bartlett filed in this case. Claims such as these are rightly looked upon with suspicion. Nevertheless, if Bartlett's assertions are true, he is entitled to withdraw the plea of guilty upon which he was convicted.

\* \* \*

"As the *Bartlett* Court points out, there is the potential for the assertion of a large number of frivolous claims that the plea was involuntarily entered." *People v Boone, supra,* at 652–653.

Even the most beneficial review suggested for a defendant, set forth by Judge (now Justice) LEVIN in *People v Byrd, supra,* requires some finding by the trial court of support in the record to corrobo-

rate defendant's claim. In *People v Hall, supra,* at 290–291, the Supreme Court noted:

"The Court of Appeals relied upon Justice LEVIN's concurring opinion in *People v Byrd,* 12 Mich App 186, 229–230; 162 NW2d 777 (1968):

" '[T]he test should not be whether the defendant establishes the truth of his claim by a preponderance of the evidence. Rather, his claim should be deemed established, and the plea set aside, if the evidence causes the judge to entertain a reasonable doubt whether the plea was "encouraged" by a false promise of leniency in sentencing. Under a reasonable doubt standard, the court need not wholly adopt the defendant's story, or wholly reject the attorney's story. He may simply conclude that, on the evidence, he is in doubt, and, the defendant being entitled to the benefit of that doubt, he will set aside the plea and allow the defendant to stand trial.' 12 Mich App 229–230.

"We specially note, however, Justice LEVIN's language above 'if the evidence causes the judge to entertain a reasonable doubt'. As Chief Judge DANHOF noted in dissent:

" '[T]he trial court is in the best position to determine whether or not the plea of guilty was induced by promises of leniency because it can observe the demeanor of the conflicting witnesses in determining their credibility.' 68 Mich App 32, 38."

Also a recent Federal decision of the second circuit appropriately discusses the subjective test and its deficiencies.

"In 1964 in *United States v Horton,* 334 F2d 153, 154 (2d Cir), Judge (now Chief Judge) Friendly wrote:

" 'Horton urges that the vital issue is what his attorney said the United States Attorney had said, even though that was not what the United States Attorney had said to the attorney.

" 'We are far from persuaded of the validity of any such proposition, which would afford an all too easy

avenue for the invalidating of convictions on pleas of
guilty.'

"In *Semon v Turner,* 289 F Supp 803, 808 (D Utah
CD 1968), in a case wherein the petitioner claimed that
his attorney had told him that a responsible state
officer had promised a lesser sentence and that he had
relied thereon in pleading guilty, Judge Christensen
said:

" 'Rather, the most that petitioner has shown in this
case is that he subjectively misunderstood the full
import of the representation made to him by his coun-
sel. Whether this misunderstanding was actual or
feigned, contemporaneously experienced or arose as a
matter of realization or afterthought, the result would
be the same under the circumstances of this case. Such
a misunderstanding would be neither reasonable nor of
sufficient moment to justify setting aside the plea.'

\*   \*   \*

" 'However, an attorney may offer his client a predic-
tion, based upon his experience or instinct, of the
sentence possibilities the accused should weigh in deter-
mining on a plea. An erroneous sentence estimate by
defense counsel does not render a plea involuntary.
(Citing cases.) And a defendant's erroneous expectation,
based on his attorney's erroneous estimate, likewise
does not render a plea involuntary.' *[Wellnitz v Page,*
420 F2d 935, 936 (CA 10, 1970)]

\*   \*   \*

"Insofar as *Thurmond [United States ex rel Thur-
mond v Mancusi,* 275 F Supp 508 (ED NY, 1967)] may
indicate that voluntariness of plea depends upon a
defendant's belief (the 'subjective' test) that a promise
of a particular sentence had been made, although in
fact there was no such promise, would seem to be
contrary to the law of this circuit." *United States ex rel
LaFay v Fritz,* 455 F2d 297, 302–303 (CA 2, 1972).

The record herein does not support defendant's
claim that he was induced to plead guilty by his
counsel's promise of a deferred sentence and psy-
chiatric care. The trial court's finding that the

pleas were made voluntarily is entitled to be upheld.

The last issue before this Court deals with defendant's plea of nolo contendere in case No. 7235, the reduced charge of felonious assault. The plea was accepted by the trial court after it used, with consent of defendant, the preliminary examination transcript and concluded there were sufficient grounds for the plea. The trial court may properly rely upon the preliminary examination transcript to furnish the factual basis for defendant's nolo plea. *People v Conville,* 55 Mich App 251; 222 NW2d 312 (1974), *People v Gonzales,* 70 Mich App 319; 245 NW2d 734 (1976). We again would like to reiterate the criticism of nolo pleas which was expressed by this Court in *People v Gonzales, supra,* and would like to discourage the use of pleas of nolo contendere especially where crimes of violence are concerned.

Also, *Gonzales* controls as to the failure of the trial court to state on the record his reasons for believing the proper administration of justice and the interest of the defendant did not require personal interrogation of the defendant by the judge regarding perpetration of the crime. Unfortunately, even though defendant had that same day related to the trial judge the circumstances surrounding his participation in the other assault crimes, which occurred at the same time, this alone is insufficient to justify a failure to interrogate the defendant or to put on the record the reasons for not interrogating defendant as to this specific assault. The Court in *Gonzales* explained the proper remedy as follows.

"Under the *Guilty Plea Cases,* 395 Mich 96, 132–135; 235 NW2d 132 (1975), the Supreme Court stated a preference for interrogation of the defendant by the

judge. Therefore, where the record does not contain a statement of such reasons for not personally interrogating the defendant, the case must be remanded to the trial court for supplementation of the record to indicate such reasons. If the judge is unable to state a valid reason for not personally interrogating the defendant, then the plea must be vacated and the case set for trial." *Gonzales, supra,* at 323–324.

The trial judge initially was mistaken as to defendant's prior record. The mistake was corrected and the record does not show any reliance on this mistake. The trial court's sentence was proper. *People v Nelson Johnson,* 58 Mich App 473; 228 NW2d 429, *lv den* 394 Mich 784 (1975).

We affirm defendant's conviction in case No. 7550 without prejudice to defendant's right to file a motion for a new trial. We affirm defendant's conviction in No. 7237 and remand case No. 7235 for supplementation of the record for the trial judge to indicate his reasons for accepting the plea of nolo contendere. If the judge is unable to state a valid reason for not personally interrogating the defendant, then the plea must be vacated and the case set for trial.

Affirmed in part and remanded in part.