PEOPLE v STOLZE

Docket No. 45652. Submitted June 4, 1980, at Lansing.—Decided October 7, 1980.

William F. Stolze was convicted of assault with intent to rob being armed and of assault with intent to commit great bodily harm less than murder, Macomb Circuit Court, Edward J. Gallagher, J. Defendant appeals, alleging that the trial court erred by finding him competent to stand trial even though he could not remember the events of the crime or the events of several months both before and after the crime, and by not instructing the jury on several lesser included offenses. *Held:*

1. The defendant was found to understand the charges against him and was able to consult with his lawyer and assist in his defense. Moreover, the prosecution's case was extremely strong. Under these circumstances the defendant was not rendered incompetent to stand trial by reason of his inability to remember.

2. The trial court properly refused to instruct the jury on lesser included offenses for which the maximum allowable incarceration is for one year where the charged offenses were punishable by more than two years incarceration.

Affirmed.

1. CRIMINAL LAW — COMPETENCE TO STAND TRIAL.

A criminal defendant is presumed to be competent to stand trial; in determining whether the defendant is competent to stand trial the test is whether the defendant has sufficient ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 63, 68.
[2] 21 Am Jur 2d, Criminal Law §§ 63, 68.
Amnesia as affecting capacity to commit crime or stand trial. 46 ALR3d 544.
[3] 75 Am Jur 2d, Trial § 880.

2. CRIMINAL LAW — COMPETENCE TO STAND TRIAL — INABILITY TO
   REMEMBER.

   A defendant was not rendered incompetent to stand trial by his
   inability to remember the events of the crime with which he
   was charged where, at the time of trial, he was able to consult
   with his lawyer and assist with his defense, he understood the
   charges against him, and the prosecution's case against him
   was extremely strong.

3. CRIMINAL LAW — JURY INSTRUCTIONS — LESSER INCLUDED OFFEN-
   SES.

   A trial court may not instruct a jury on lesser included offenses
   for which the maximum allowable incarceration is for one year
   or less in a case wherein the charged offense is punishable by
   incarceration for more than two years.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Don L. Milbourn,* Chief Appellate Lawyer, and *Robert John Berlin,* Assistant Prosecuting Attorney, for the people.

*Canyock & Thumm, P.C.,* for defendant on appeal.

Before: DANHOF, C.J., and M. J. KELLY and G. R. CORSIGLIA,* JJ.

M. J. KELLY, J. Defendant William Frank Stolze was charged with assault with intent to rob while armed contrary to MCL 750.89; MSA 28.284 and assault with intent to murder contrary to MCL 750.83; MSA 28.278, resulting from a shooting incident that occurred at Goddard's Jewelry Store in Roseville, Michigan on September 17, 1977. On that day, the defendant and a second man were electronically permitted to enter the store through a locked front door. As a result of previous visits by defendant, the store manager's suspicions were

---

* Circuit judge, sitting on the Court of Appeals by assignment.

aroused and he armed himself and moved to a secluded place to watch the defendant. He saw the defendant draw a pistol from his pants. He ordered defendant to drop his gun, but defendant instead pointed his weapon to shoot at the manager. At that point both men attempted to fire their weapons, but each gun failed to discharge. In a subsequent exchange, the manager shot defendant in the head, from which injury he later recovered.

Defendant was referred to the Center for Forensic Psychiatry for testing, and on September 27, 1978, a hearing was held to determine defendant's competency to stand trial. The examining physician's report and testimony indicated that defendant could not recall the events of September 17, 1977, nor the events of several months before and after that date. The doctor's testimony did indicate defendant understood the charges against him and the consequences of his acts. Defendandt was thus found competent to stand trial. His trial resulted in conviction on the assault with intent to rob charge and a second conviction for assault with intent to do great bodily harm less than murder, contrary to MCL 750.84; MSA 28.279. He appeals both convictions as of right.

The defendant first argues as error the trial court's decision finding him competent to stand trial despite his amnesiac condition, a finding of the forensic examiner accepted by both parties. He contends that the amnesia rendered him incapable of providing assistance to counsel in the preparation of his defense and should have prohibited trial on the charges. MCL 330.2020(1); MSA 14.800(1020)(1), MCL 330.2022(1); MSA 14.800(1022)(1). We disagree.

Proceedings to determine the competency of a

defendant to stand trial are governed by MCL 330.2020(1); MSA 14.800(1020)(1) which provides:

"A defendant to a criminal charge shall be presumed competent to stand trial. He shall be determined incompetent to stand trial only if he is incapable because of his mental condition of understanding the nature and object of the proceedings against him or of assisting in his defense in a rational manner. The court shall determine the capacity of a defendant to assist in his defense by his ability to perform the tasks reasonably necessary for him to perform in the preparation of his defense and during his trial."

No prior Michigan case has interpreted the above provision under a claim of amnesia covering the time of the incident. However, in *People v Belanger,* 73 Mich App 438, 447; 252 NW2d 472 (1977), this Court cited the test for competency to stand trial announced in *Dusky v United States,* 362 US 402; 80 S Ct 788, 789; 4 L Ed 2d 824, 825 (1960), as the appropriate interpretation of our own incompetency statute. The *Dusky* Court held:

"[T]he 'test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him' ".

See also *Commonwealth v Lombardi,* — Mass —; 393 NE2d 346 (1979), and *People v Lang,* 76 Ill 2d 311; 29 Ill Dec 87; 391 NE2d 350 (1979), for other cases adopting the *Dusky* standard.

In several Federal decisions, the question of amnesia covering the time of the criminal act has been analyzed. In *United States v Borum,* 464 F2d 896, 900 (CA 10, 1972), the court found no "per se deprivation of due process" in trying a defendant

claiming amnesia where the evidence of guilt was overwhelming and the loss of memory did not deprive defendant of any available defense. Another Federal court was presented with a claim of incompetency based upon drug-induced amnesia, *United States v Stevens,* 461 F2d 317, 320 (CA 7, 1972). In *Stevens,* the court quoted from *United States v Sullivan,* 406 F2d 180, 185-186 (CA 2, 1969), a case in which the incompetency claim rested upon the defendant's condition as an alcoholic:

" 'If in fact [the defendant] had developed an amnesia preventing his recollection of the events of the day in question, this would not in itself be a complete defense to the charges. * * * Such a loss of memory may call for additional trial safeguards in particular circumstances, as where delay in trial has caused the loss of other evidence, but we are unwilling to hold that it is in all cases an automatic bar to prosecution for a crime amply established by competent evidence on trial.' "

See also *United States v Mota,* 598 F2d 995, 998 (CA 5, 1979).

The rationale of these cases appears sound and applicable to the case at bar. Defendant does not contend that he is not sane and rational today, but rather that his inability to remember the events bars the prosecution from bringing any criminal proceedings against him. Perhaps a case could arise where an amnesiac condition seriously prejudices a defendant and renders him incompetent to stand trial; such a situation is not presented herein. Defendant's memory would have been of questionable help to defense counsel because of the number of witnesses and the substantial amount of extrinsic evidence implicating defendant in the assault.

Here, the defendant was able to consult with and assist his lawyer subject to the limitation imposed by the amnesia. Further, the prosecution's case was extremely strong. Four witnesses in the store identified defendant and testified to his pulling out a gun. Under these circumstances, had defendant been able to recall the incident his testimony would have been largely cumulative. Thus, we find defendant was not rendered incompetent to stand trial by his amnesiac condition.

The defendant also alleges error in the trial court's refusal to instruct the jury on the lesser included misdemeanor offenses of reckless discharge of a firearm, intentionally aiming a firearm without malice and assault. Review of the statutes prohibiting the above conduct, MCL 750.234; MSA 28.431, MCL 750.233; MSA 28.430 and MCL 750.81; MSA 28.276 respectively, discloses that none of the offenses carry a penalty of more than one year imprisonment. In *People v Chamblis,* 395 Mich 408, 429; 236 NW2d 473 (1975), the Supreme Court espoused the following rule limiting instructions on lesser included offenses:

"We are establishing a rule today, as a matter of policy, limiting the extent of compromise allowable to a jury in deciding whether to convict of a lesser included offense. In any case wherein the charged offense is punishable by incarceration for more than two years, the court, whether or not requested, may not instruct on lesser included offenses for which the maximum allowable incarceration period is one year or less."

See also *People v Choate,* 88 Mich App 40; 276 NW2d 862 (1979). Under the above rule, the trial court properly refused to instruct on these lesser offenses.

We have reviewed the remaining two issues

raised by the defendant and find them to be without merit.

Affirmed.