PEOPLE v CHILTON

Docket No. 55503. Submitted March 4, 1975 (Calendar No. 3).—De-
cided April 29, 1975.

Cecil Chilton pled nolo contendere to a charge of armed robbery,
and in exchange two other charges of armed robbery were
dropped. Before accepting defendant's plea, the Muskegon Cir-
cuit Court, James Schoener, J., read into the record a portion of
the preliminary examination transcript. The Court of Appeals,
Lesinski, C. J., and V. J. Brennan and Bashara, JJ., denied
leave to appeal (Docket No. 18394). Defendant appeals, arguing
that it was error to accept the plea solely on the basis of the
transcript of preliminary examination. *Held:*

A factual basis for a plea of nolo contendere could be estab-
lished by reference to a preliminary examination transcript at
the time the defendant entered his plea.

Affirmed.

OPINION OF THE COURT

1. CRIMINAL LAW—PLEAS—NOLO CONTENDERE—PRELIMINARY EXAMI-
   NATION TRANSCRIPT.

   A factual basis for a plea of nolo contendere, in 1971, could be
   established by reference to a preliminary examination tran-
   script.

2. CRIMINAL LAW—PLEAS—NOLO CONTENDERE—FACTUAL BASIS OF
   PLEA.

   A plea of nolo contendere by its nature prohibits an examining
   magistrate from. eliciting from the defendant the requisite
   factual basis to support the plea, but this does not relieve the
   magistrate from establishing a sufficient basis; it simply means
   that the basis must be established via another medium.

3. CRIMINAL LAW—PRELIMINARY EXAMINATION—PROBABLE CAUSE.

   The function of a preliminary examination is to determine proba-
   ble cause, but at times it does more than that and in fact

REFERENCES FOR POINTS IN HEADNOTES
[1–6] 29 Am Jur 2d, Evidence §§ 526, 702.
Plea of nolo contendere or non vult contendere. 89 ALR2d 540.

establishes a sufficient basis for finding the defendant guilty as charged; all that remains for conviction is replay of the preliminary examination at trial.

4. CRIMINAL LAW—PLEAS—NOLO CONTENDERE—FACTUAL BASIS—PRELIMINARY EXAMINATION TRANSCRIPT.

Obtaining the factual basis for a plea of nolo contendere offered by a defendant by reading into the record a portion of the preliminary examination transcript and setting the facts before the defendant and counsel for possible dispute was eminently fair, practical, and economical of time and financial resources.

5. CRIMINAL LAW—ARRAIGNMENT—NOLO CONTENDERE.

The statute which permits a court to accept a plea of nolo contendere and proceed as if the defendant had pleaded guilty does not provide that a plea of nolo contendere be taken as if it were a guilty plea; it does mean that once a court accepts a plea of nolo contendere the court proceeds to sentencing in the same manner as after a plea of guilty (MCLA 767.37).

CONCURRING OPINION

WILLIAMS, J.

See headnotes 1-5.

6. CRIMINAL LAW—COURT RULES—NOLO CONTENDERE—PLEA OF GUILTY.

*The court rules provide that a nolo contendere plea differs from a guilty plea in that the court shall not interrogate the defendant regarding participation in the crime but there must be a hearing establishing substantial support for a finding that the defendant is in fact guilty of the charged offense or the offense to which he is offering the plea; this permits the use of the record of the preliminary hearing and the judge is left to find from it, and any further testimony there may be, whether the defendant is in fact guilty of the charged offense or the offense to which he is offering the plea (GCR 1963, 785.7[3][d]).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Richard J. Pasarela,* Prosecuting Attorney, and *David F. Folkert,* Assistant Prosecuting Attorney, for the people.

*Brian K. Walsworth,* for defendant.

M. S. COLEMAN, J. On September 28, 1971,[1] defendant pled nolo contendere to armed robbery. In exchange the prosecutor dropped two other armed robbery charges. Before accepting defendant's plea,[2] Circuit Judge James Schoener, in an attempt to establish a sufficient factual basis to support the plea, read into the record a portion of the preliminary examination transcript. A portion of the transcript was paraphrased by Judge Schoener while the more pertinent portions were read verbatim.

The Court of Appeals denied a delayed application for appeal.

The issue is whether a factual basis for a nolo contendere plea (in 1971) could be established by reference to a preliminary examination transcript. We hold that under these circumstances a factual basis for a nolo contendere plea could be so established.

The defendant contends that *People v Taylor,* 387 Mich 209; 195 NW2d 856 (1972), and *People v Schneff,* 392 Mich 15; 219 NW2d 47 (1974), stand for the proposition that a preliminary examination transcript is not to be considered in the determination of a factual basis for a guilty plea. Defendant then argues that because testimony at a preliminary examination cannot be used to establish the factual basis supportive of a guilty plea, then neither may it be used to establish the factual basis supportive of a nolo plea.

---

[1] GCR 1963, 785.7(3)(d) was not effective until June 1, 1973. Even if it were applicable, it would have no bearing on this opinion.

[2] MCLA 767.37; MSA 28.977 provides in part:

"At the arraignment of any person upon an indictment or upon the charge in a warrant, complaint or information the court may accept a plea of nolo contendere and if such a plea is accepted, the court shall proceed as if he had pleaded guilty."

In *Taylor,* Justice WILLIAMS noted that the necessity of an examination of the defendant by the judge accepting defendant's guilty plea is "evident from the surprises it often turns up". He also noted:

"In any event it is the court's duty to ascertain by its examination facts which would convince the court that indeed a crime had been committed by the defendant.[10] Such examination is not the equivalent of a legal trial but it must objectively indicate that the court had fulfilled this obligation.

"[10] It is not sufficient that such facts appear on the record of the preliminary examination. See *People v Zaleski,* 375 Mich 71, 81 [133 NW2d 175] (1965) and *People v Rufus Williams,* 386 Mich 277, 284–285 [192 NW2d 466] (1971)."

However, at the proceedings at which Taylor's guilty plea was accepted, no reference was made to the preliminary examination. There the majority was particularly offended by lack of the trial court's attempt to ascertain facts which would convince the court that a crime had been committed by the defendant. The trial judge simply asked: "You are pleading guilty because you are guilty?"

If a defendant were compelled by direct testimony to provide the factual basis to convince a court that he had committed a crime, his plea, regardless of the label attached, would be a guilty plea. A nolo contendere plea by its nature[3] prohib-

[3] The purpose of a nolo contendere plea is expressed at 21 Am Jur 2d, Criminal Law, § 497, p 488:
"A plea of nolo contendere is used by the accused in criminal cases to avoid exacting an admission which could be used as an admission in other potential litigation, to avoid trial with its attendant expense and adverse publicity in the event of a conviction, or to protect in certain cases the respectable citizen who may sometimes become technically guilty of a violation of law, but who should not be subjected to certain penalties intended to apply only to those who wilfully or maliciously violate the law. It has also been stated that the plea of nolo contendere meets a particular need in antitrust prosecutions."

its an examining magistrate from eliciting from the defendant the requisite factual basis to support a nolo plea. But this does not relieve the magistrate from establishing a sufficient basis. It simply means that basis must be established via another medium.

In *Schneff,* three members of this Court did question the reliance upon a preliminary examination to establish a factual basis for a guilty plea.

Unquestionably the function of a preliminary examination is to determine probable cause. However, not infrequently at the preliminary examination the evidence weighs as heavily against the defendant as if that evidence were introduced at trial. It would constitute a sufficient basis for finding the defendant guilty as charged. As a practical matter most attorneys whose clients have little or no defense and are faced with this quandary, contemplate a plea to a reduced charge. This consideration results from the realization by the attorney that his client stands only a minimal chance of acquittal. In other words, it is no secret that although the function of a preliminary examination is to establish probable cause, at times it does more than that and in fact establishes a sufficient basis for finding the defendant guilty as charged. All that remains for conviction is replay of the preliminary examination at trial.

In the instant case the trial judge read the preliminary examination transcript into the record. He then determined that testimony constituted a sufficient basis for the acceptance of the plea. There would have been little difference if the witnesses who testified at the preliminary hearing were paraded before the magistrate only to repeat that which they had already said. At that point the defendant had specifically waived his right to confrontation.

Certainly a preliminary examination might establish probable cause that the defendant may have committed a crime but fail to establish that the defendant is guilty. But that determination can only be made after a review of the preliminary examination record. In this case the trial judge found that testimony sufficient to establish a factual basis for the acceptance of defendant's plea. We cannot say he erred.

Nor does *People v Armstrong,* 390 Mich 693; 213 NW2d 190 (1973), assist the defendant. *Armstrong* expressed the fear that in many cases the preliminary examination record would not be typed or read by the judge before the acceptance of the plea. That is not the case here. Here Judge Schoener read the transcript into the record and thus it became part of the record.

Moreover, in *People v Rufus Williams,* 386 Mich 277; 192 NW2d 466 (1971), the Court found sufficient factual basis supplied by the prosecutor in the presence of the defendant and his attorney. There is no difference if that factual basis is supplied by a reading of a transcript of the preliminary examination.

The plea of nolo contendere does not necessarily anticipate a trial and by its nature does not permit the judge to obtain the factual basis of the plea from the defendant.

The method of obtaining these particular facts and setting them before the defendant and counsel for possible dispute was eminently fair, practical and economical of time and financial resources.

MCLA 767.37; MSA 28.977 does not provide that a plea of nolo contendere be taken as if it were a guilty plea. All distinction between the two kinds of pleas would be lost by such an interpretation. It does mean that once a court accepts a plea of nolo

contendere the court proceeds to sentencing in the same manner as after a plea of guilty.

Judge Schoener did not err. We affirm the circuit court.

T. G. KAVANAGH, C. J., and SWAINSON, WILLIAMS, LEVIN, and J. W. FITZGERALD, JJ., concurred with M. S. COLEMAN, J.

The late Justice T. M. KAVANAGH took no part in the decision of this case.

WILLIAMS, J. *(concurring).* I concur with my Sister COLEMAN's opinion and have signed it. However, I wish to note that as GCR 1963, 785.7(3)(d) provides, a nolo contendere plea specifically differs from a guilty plea in that "the court shall not interrogate the defendant regarding his or her participation in the crime. However, the court may not accept a plea of nolo contendere unless there has been or the judge thereupon conducts a hearing establishing substantial support for a finding that the defendant is in fact guilty of the charged offense or the offense to which he is offering the plea * * * ." This subsection permits the use of the record of the preliminary hearing and the judge is left to find from it, and any further testimony there may be, whether "the defendant is in fact guilty of the charged offense or the offense to which he is offering the plea". In contrast GCR 1963, 785.7(3)(b) and (c) specifically require personal interrogation of the defendant by the court in the case of a guilty plea.