PEOPLE v LONG

Docket No. 77-273. Submitted April 5, 1978, at Lansing.—Decided November 6, 1978. Leave to appeal denied, 406 Mich —.

James A. Long was convicted, on his plea of guilty but mentally ill, of first-degree criminal sexual conduct, Alpena Circuit Court, Philip J. Glennie, J. Defendant appeals, alleging that the trial court erred by relying on the preliminary examination transcript to establish the factual basis for the plea where the defendant claimed that he had no memory of the events in question. *Held:*

Reliance on the preliminary examination transcript is proper when accepting a plea of nolo contendere. A plea of guilty but mentally ill, however, differs from a plea of guilty only by the additional element of mental illness, and there is nothing in the nature of a guilty but mentally ill plea which is inconsistent with direct questioning of the defendant, as is required when accepting a plea of guilty. The trial court erred by relying on the preliminary examination transcript.

Plea set aside; remanded for further proceedings.

1. CRIMINAL LAW—PLEA OF NOLO CONTENDERE—PRELIMINARY EXAMINATION TRANSCRIPT—COURT RULES.

A trial court must establish support for a finding of a defendant's guilt by personally questioning him about the crime before accepting a plea of guilty; when taking a plea of nolo contendere, however, the court may rely on the preliminary examination transcript to establish the factual basis of the offense (GCR 1963, 785.7[3][b][ii]).

2. CRIMINAL LAW—PLEA OF NOLO CONTENDERE—COURT RULES.

A plea of nolo contendere may not be accepted unless the court

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 497-502.

29 Am Jur 2d, Evidence § 702.

Plea of nolo contendere or non vult contendere. 89 ALR2d 540.

[3, 4] 21 Am Jur 2d, Criminal Law §§ 484-496.

Duty of court, upon plea of guilty or nolo contendere to offense involving several degrees, to hear evidence to determine degree. 34 ALR2d 919.

states why a plea of nolo contendere is appropriate (GCR 1963, 785.7[3][b][i]).

3. CRIMINAL LAW—PLEA OF GUILTY—PLEA OF GUILTY BUT MENTALLY ILL—STATUTES.

A plea of guilty but mentally ill is distinguished from a plea of guilty by the additional element of mental illness, and because a defendant found "guilty but mentally ill" may have continued treatment at a mental institution made a condition of parole or probation, the finding of "mentally ill" serves to aggravate rather than mitigate the restraints on a convicted defendant's liberty (MCL 768.36; MSA 28.1059).

4. CRIMINAL LAW—PLEA OF GUILTY—PLEA OF GUILTY BUT MENTALLY ILL—QUESTIONING OF DEFENDANT.

The policies which require direct questioning of a defendant by a court to establish the factual basis for a plea of guilty are fully applicable to a plea of guilty but mentally ill; therefore a trial court erred by relying on a preliminary examination transcript to supply the factual basis for a plea of guilty but mentally ill.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Theodore O. Johnson,* Prosecuting Attorney (by *Keith D. Roberts,* Assistant Attorney General, Prosecuting Attorneys Appellate Service), for the people.

*Paul E. Bennett,* Assistant State Appellate Defender, for defendant on appeal.

Before: ALLEN, P.J., and V. J. BRENNAN and M. F. CAVANAGH, JJ.

M. F. CAVANAGH, J. On a plea of "guilty but mentally ill" defendant was convicted of first-degree criminal sexual conduct. MCL 750.520b; MSA 28.788(2). He appeals by right, seeking to have his plea set aside.

Court rule and case law have defined the procedures for taking guilty pleas and nolo contendere pleas. However, neither of these sources of authority delineates the procedures for taking the plea of

guilty but mentally ill, established by the Legislature by 1975 PA 180. See MCL 768.36; MSA 28.1059. The dispositive issue in the case at bar concerns the proper procedure on taking this plea. Specifically, the issue is whether the trial judge erred by relying on the preliminary examination transcript to establish the factual basis for the plea, where the defendant claimed that, because of intoxication induced by alcohol and a controlled substance, he had no memory of the events in question.

Before accepting a plea of guilty, the court must establish support for a finding of the defendant's guilt by personally questioning him about the crime.[1] However, when taking a nolo contendere plea the court may rely on the preliminary examination transcript to establish the factual basis of the offense.[2]

Defendant argues that the procedure for taking pleas of guilty but mentally ill should be the same as for guilty pleas, with the additional requirement of proving defendant's mental illness at the time of the offense. The prosecution contends that, where the defendant asserts that he is unable to recall the alleged offense and that he was mentally ill at the time of its commission, guilty but mentally ill pleas should be treated as nolo pleas in order to give effect to the legislative purpose of the guilty but mentally ill statute.

To decide which is the appropriate practice we

[1] GCR 1963, 785.7(3)(a); *People v Schneff,* 392 Mich 15, 23; 219 NW2d 47, 53–54 (1974).

However, a mere assertion of intoxication or narcosis is no bar to acceptance of a guilty plea "as long as the defendant sufficiently recalls facts and circumstances which tend to show he participated in the commission of the offense". *People v Burton,* 396 Mich 238, 242; 240 NW2d 239, 241 (1976).

[2] GCR 1963, 785.7(3)(b)(ii), *People v Belanger,* 73 Mich App 438, 455; 252 NW2d 472, 480–481 (1977), *People v Conville,* 55 Mich App 251, 254; 222 NW2d 312, 314 (1974).

will consider, first, the reasons said to justify the difference in the two, and second, how those reasons apply in the context of the instant case.

In *Guilty Plea Cases,* 395 Mich 96, 133; 235 NW2d 132, 147 (1975), the Supreme Court stated its "preference for interrogation of the defendant by the judge and for reliance on his responses to establish a factual basis". In an accompanying footnote, the Court quoted with approval the following, in apparent explanation of this preference:

"Direct questioning enables the judge to determine how the defendant views the facts. By the defendant's answers to the judge's questions, the judge, a trained observer, can himself appraise whether the plea is, indeed, a truthful plea. It permits the judge, who will be sentencing the defendant, to get the feel of the situation.

"Direct questioning of the defendant is informative; it permits the judge to satisfy himself as to the substantiality and justification for the prosecution and that it is consistent with the sound administration of justice to permit the defendant to plead guilty." 395 Mich at 133, n 2; 235 NW2d at 147, n 2, quoting from *People v Coates,* 32 Mich App 52, 70; 188 NW2d 265, 273 (1971) (dissenting opinion by LEVIN, J.).

In *People v Barrows,* 358 Mich 267, 272; 99 NW2d 347, 350 (1959), the Court gave additional reasons for favoring direct questioning:

"The direct questioning of a defendant by the trial judge on plea of guilty is required by the rule for the purpose of establishing the crime and the participation therein of the person pleading guilty. This is a precaution against involuntary or induced false pleas of guilty, and against subsequent false claims of innocence."

The plurality opinion in *People v Schneff,* 392

Mich 15, 26; 219 NW2d 47, 53 (1974), stated further reasons for the rule:

"This procedure also provides the best method for assurance that a defendant understands the nature of the charge to which he is pleading. A complete recitation of facts from the defendant also provides for increased appellate certainty when reviewing challenged guilty pleas."

In *Schneff* the plurality also supported the rule against use of preliminary examination transcripts with an argument that they are not trustworthy:

"The preliminary examination has for its limited purpose only the determination by a magistrate whether there is probable cause to bind the defendant over for trial; it 'is in no sense a trial to determine the guilt or innocence of an accused.' *People v McLean* (1925), 230 Mich 423, 425 [202 NW 1005], and cases cited therein. In its essential nature the preliminary examination is inquisitional and to function properly a very broad scope is permitted the people in their offer of proofs sufficient to satisfy the magistrate's inquisition as to probable cause. Not infrequently, defendant offers no proofs of his own and, indeed, may not even choose to cross-examine the witnesses offered by the people. On such testimony, no proper determination of guilty should be permitted for any purpose."

*People v Schneff, supra,* 392 Mich at 25; 219 NW2d at 53, quoting from *People v Zaleski,* 375 Mich 71, 81–82; 133 NW2d 175, 180–181 (1965). However, in *People v Chilton,* 394 Mich 34, 38–39; 228 NW2d 210, 211–212 (1975), the Court, in upholding the use of a preliminary examination record in taking a nolo contendere plea, expressed a more measured distrust:

"Unquestionably the function of a preliminary examination is to determine probable cause. However, not infrequently at the preliminary examination the evidence weighs as heavily against the defendant as if that evidence were introduced at trial. It would constitute a sufficient basis for finding the defendant guilty as charged.

\* \* \*

"Certainly a preliminary examination might establish probable cause that the defendant may have committed a crime but fail to establish that the defendant is guilty. But that determination can only be made after a review of the preliminary examination record. In this case the trial judge found that testimony sufficient to establish a factual basis for the acceptance of defendant's plea. We cannot say he erred."

Against this background we observe the reasons for the rule's exception permitting use of preliminary examination transcripts for nolo pleas. See GCR 1963, 785.7(3)(b).

The guiding case is *People v Chilton,* 394 Mich 34; 228 NW2d 210 (1975). In *Chilton* the Court explained that "[a] nolo contendere plea by its nature prohibits an examining magistrate from eliciting from the defendant the requisite factual basis to support a nolo plea"; however, the magistrate must still establish the factual basis of the crime, albeit in another manner. 394 Mich at 37–38; 228 NW2d at 211.

A nolo plea cannot be accepted unless the court "state[s] why a plea of nolo contendere is appropriate". GCR 785.7(3)(b)(i). This requirement has been equated[3] with that of the present court rule's

---

[3] *People v Harper,* 83 Mich App 390; 269 NW2d 470 (1978).

predecessor,[4] which required "that there be especial circumstances justifying departure from the norm of direct questioning of the defendant, as in a guilty plea, and acceptance of a plea of nolo contendere". *Guilty Plea Cases, supra,* 395 Mich at 134; 235 NW2d at 147. See also *People v Belanger,* 73 Mich App 438, 455; 252 NW2d 472, 481 (1977), *People v Gonzales,* 70 Mich App 319; 245 NW2d 734 (1976), *lv den,* 402 Mich 815 (1977). A sampling of such reasons was set forth in *Guilty Plea Cases, supra,* 395 Mich at 134; 235 NW2d at 147:

"Among the justifying circumstances that have been suggested are (1) a reluctance on defendant's part to relate the details of a particularly sordid crime *(e.g.,* sexual assault on a child); (2) the defendant's recollection of the facts may be unclear because he was intoxicated *(People v Stoner,* 23 Mich App 598, 608; 179 NW2d 217 [1970]) or he committed so many crimes of a like nature that he cannot differentiate one from another; and (3) because he wishes to minimize other repercussions, *e.g.,* civil litigation. This enumeration is not meant to be exhaustive."

See also *People v Seaman,* 75 Mich App 546, 550; 255 NW2d 680, 682 (1977), *People v Maciejewski,* 68 Mich App 1, 3; 241 NW2d 736, 737 (1976).

These reasons fall into two categories, which seem to define the "nature" of a nolo contendere plea: a means for enabling a defendant to plead to

---

[4] GCR 1963, 785.7(3)(d):

"Where a plea of nolo contendere is made the court shall not interrogate the defendant regarding his or her participation in the crime. However, the court may not accept a plea of nolo contendere unless there has been or the judge thereupon conducts a hearing establishing substantial support for a finding that the defendant is in fact guilty of the charged offense or the offense to which he is offering the plea of nolo contendere and unless the judge first states reasons for believing that the interests of the defendant and the proper administration of justice do not require interrogation of the defendant regarding his participation in the crime."

an offense where the defendant wishes to do so, but "is unable or unwilling to admit his guilt or relate the details of the alleged criminal conduct". *Guilty Plea Cases, supra,* 395 Mich at 134; 235 NW2d at 147.

We turn now to the plea of guilty but mentally ill, and to consideration of how the rules and thinking regarding the procedures on other pleas apply to it.

The statute providing for the plea does not state what the judge must find with regard to the alleged criminal conduct. See MCL 768.36(2); MSA 28.1059(2). However, the statute does specify what the trier of fact must find if, after trial, a defendant is to be found guilty but mentally ill:

"(1) If the defendant asserts a defense of insanity * * * the defendant may be found 'guilty but mentally ill' if, after trial, the trier of fact finds all of the following beyond a reasonable doubt:

"(a) That the defendant is guilty of an offense.

"(b) That the defendant was mentally ill at the time of the commission of that offense.

"(c) That the defendant was not legally insane at the time of the commission of that offense." MCL 768.36(1); MSA 28.1059(1).

Assuming that a plea's elements are the same as those of a jury verdict or bench trial finding, it is obvious that, with regard to the required findings, a plea of guilty but mentally ill is distinguished from a plea of guilty only by the additional element of mental illness.

Indeed, upon close inspection it appears that the label of the plea (or verdict, or finding) is somewhat of a misnomer. To a layperson, "guilty *but* mentally ill" may suggest that the culpability, and hence the punishment, attending the finding of

"guilty" is mitigated by the finding of "mentally ill". However, the statute explicitly provides that,

"If a defendant is found guilty but mentally ill or enters a plea to that effect which is accepted by the court, the court shall impose any sentence which could be imposed pursuant to law upon a defendant who is convicted of the same offense." MCL 768.36(3); MSA 28.1059(3).

The statute further provides that a defendant found "guilty but mentally ill" may have continued treatment at a mental institution made a condition of parole or probation. MCL 768.36(3), (4); MSA 28.1059(3), (4). In sum, the finding of "mentally ill" can only serve to aggravate rather than mitigate the restraints on a convicted defendant's liberty. The plea, verdict, or finding would more aptly be "guilty and mentally ill". In its substance, and in its penal consequences, a plea of guilty but mentally ill is a guilty plea. Unlike a plea of nolo contendere, there is nothing in the nature of a guilty but mentally ill plea which is inconsistent with direct questioning of the defendant. It follows that the policies requiring direct questioning to establish the factual basis for guilty pleas are fully applicable to pleas of guilty but mentally ill. In fact, because a guilty but mentally ill plea can only be taken from a defendant for whom some showing of mental illness has been made, the policies behind direct questioning are even more applicable here. This is particularly true with regard to the need to learn whether the defendant understands the charge and how the defendant views the facts.

Nor do we see, in the purpose underlying this plea's creation, any ground for a different result. The prosecution's brief argues that nolo proce-

dures must be permitted in taking pleas of guilty but mentally ill in order to "facilitate * * * the legislative purpose of the act".[5] However, the prosecution's brief does not state, within its argument on this issue, what that legislative purpose is. In its argument on another issue in this case[6] the prosecution seems to suggest a purpose for the plea:

"Appellant points to the language in MCLA 768.36 and asserts that it *mandates* treatment.

"Clearly, treatment is not implicit in the guilty but mentally ill verdict. The statute provides for diagnosis and then treatment, if necessary.

"Assuming that a 'right to treatment' exists regardless of any particular statutory authority, the provisions of MCLA 768.36 add nothing to the 'right' as this is already specifically provided for in the Mental Health Code. MCLA 330.2000 *et seq.*[1] The guilty but mentally ill verdict simply provides an alternative mechanism for identification of prospective recipients of that 'right.'

[1] Additional authority for diagnostic observation is provided for in MCLA 791.267."[7]

Assuming for the sake of discussion only that this is indeed the purpose of the plea, as well as the verdict, we see in it no reason for dispensing with the usual guilty plea requirement of direct questioning. Imposing this requirement will prevent defendants who cannot or will not recall the details of a crime from pleading guilty but mentally ill. However, it may be safely assumed that, unless a defendant desired psychiatric care, he would not wish to plead guilty but mentally ill.

[5] Appellee's brief, at 2.

[6] "Must defendant's plea of guilty but mentally ill be set aside because it was induced by the unfulfilled and illusory promise that he would receive special status in prison and treatment for his mental disorder?" (Issue as stated in defendant's brief.)

[7] Appellee's brief, at 5.

Hence, as to those defendants who do not desire psychiatric care, requiring direct questioning on pleas of guilty but mentally ill will not deter any such pleas, and therefore will not thwart the statute's purpose.

As to those defendants who do want psychiatric care, but who cannot or will not state the facts of the alleged offense, this rule will bar pleas of guilty but mentally ill. However, such defendants may tender pleas of nolo contendere and apply to the corrections officials for psychiatric care. MCL 330.2000(3); MSA 14.800(1000)(3).[8] Therefore, even where the rule prevents defendants from pleading guilty but mentally ill, it will not prevent them from fulfilling the plea's alleged purpose, self-identification of prospective recipients of mental health care.

We conclude that the court erred by relying on the preliminary examination transcript to supply the factual basis for the plea of guilty but mentally ill. This raises a question as to the appropriate remedy.

Where there has been a failure to establish an element of an offense to which the defendant has pled guilty, the remedy is a remand to augment the record:

"On remand the prosecutor shall be given an opportunity to establish the missing element. If he is able to do so and there is no contrary evidence, the judgment of conviction shall be affirmed. If the prosecutor is

---

[8] In another issue raised in the case at bar, defendant asserts that his plea should be set aside because he has been denied the promised care. See n 6, *supra.* The prosecution responds that defendant "has a remedy through a civil suit against corrections' officials". Appellee's brief, at 6. (Citation omitted.) We see no reason why the existence of this remedy should exclude another. However, because the plea has been set aside for the reasons herein stated, we need not reach the merits of this issue. We express no opinion as to whether this is defendant's sole remedy.

unable to establish the missing element, the judgment of conviction shall be set aside. If contrary evidence is produced, the matter shall be treated as a motion to withdraw the guilty plea and the court shall decide the matter in the exercise of its discretion." *Guilty Plea Cases, supra,* 395 Mich at 129; 235 NW2d at 145. (Citation omitted.)

While this procedure may be a fitting cure for an omission to prove but a single element of an offense, we do not think it appropriate where, as here, the defendant has denied any recollection of the offense and the preliminary examination transcript has wholly supplanted direct questioning of the defendant. In such a case a remand to establish the "missing element" is a remand to establish every element of the offense, a procedure difficult to distinguish from a repeat of the preliminary examination. If this were acceptable, then the rule requiring direct questioning, and the objectives it was meant to further, would be defeated. Therefore, defendant's plea shall be set aside. The parties may either strike a bargain for a plea of nolo contendere, or put the case on for trial.

Our resolution of this issue makes it unnecessary to consider the others raised by this appeal.

Remanded for proceedings consistent with the views expressed herein.