## PEOPLE v BOOTH

Docket No. 31080. Submitted March 7, 1978, at Grand Rapids.—
Decided November 6, 1978. Leave to appeal denied, 406 Mich
—.

Terry L. Booth was convicted, on his plea of guilty but mentally
ill, of criminal sexual conduct in the first degree in the Alpena
Circuit Court, Philip J. Glennie, J. Defendant appeals, claiming
the trial judge erred when he relied on the preliminary exami-
nation transcript in order to establish a factual basis for the
defendant's plea. *Held:*

A preliminary examination transcript may not be used as a
means to establish the factual basis for a guilty or guilty but
mentally ill plea but may be used in order to establish a factual
basis in the case of a nolo contendere plea. The case is re-
manded for further hearing wherein the prosecutor shall be
given an opportunity to establish the factual basis. If he is able
to do so and there is no contrary evidence, the conviction shall
be affirmed. If he is unable to establish a factual basis, the
conviction shall be set aside. If contrary evidence is produced,
the matter shall be treated as a motion to withdraw the guilty
plea and the court shall decide the matter in the exercise of its
discretion.

Remanded for further proceedings.

M. F. Cavanagh, J., dissented and would order the plea
vacated and the matter remanded for trial.

### Opinion of the Court

1. Criminal Law—Preliminary Examination Transcript—Plea of
   Guilty—Factual Basis—Nolo Contendere Pleas.

   A preliminary examination transcript may not be used as a
   means of establishing the factual basis for a guilty plea but
   may be used in order to establish a factual basis in the case of
   a nolo contendere plea.

---

References for Points in Headnotes

[1, 2] 21 Am Jur 2d, Criminal Law §§ 46-48, 440 *et seq.,* 458, 497, 501,
502, 508.

[3] 21 Am Jur 2d, Criminal Law § 459.

2. CRIMINAL LAW—PRELIMINARY EXAMINATION TRANSCRIPT—PLEA OF
   GUILTY BUT MENTALLY ILL—FACTUAL BASIS.
   A preliminary examination transcript may not be used as a
   means of establishing the factual basis for a guilty but men-
   tally ill plea.

DISSENT BY M. F. CAVANAGH, P.J.

3. CRIMINAL LAW—GUILTY PLEAS—FACTUAL BASIS—ADVERSARIAL TRI-
   ALS.
   *The factual basis in any guilty plea, mentally ill or not, must
   come from the defendant; where the defendant himself cannot
   provide this factual basis, the only other basis for conviction
   recognized by our system is a full adversarial trial.*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Theodore O. John-
son,* Prosecuting Attorney, and *Keith D. Roberts,*
Assistant Attorney General, Prosecuting Attorneys
Appellate Service, for the people.

*Norris J. Thomas, Jr.,* Assistant State Appellate
Defender, for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and D. E. HOL-
BROOK and BEASLEY, JJ.

D. E. HOLBROOK, J. On July 26, 1976, defendant
was convicted, on his plea of guilty but mentally
ill, of criminal sexual conduct in the first degree,
contrary to MCL 750.520b; MSA 28.788(2). The
plea was the result of a plea bargain whereby
defendant pled "guilty but mentally ill" to Count I
of criminal sexual conduct in the first degree, and
a second count of criminal sexual conduct in the
first degree was dismissed. On August 6, 1976,
defendant was sentenced to life in prison. Defend-
ant appeals as of right.

The defendant raises eight issues on appeal, only
one of which merits discussion. The defendant
asserts that the trial judge erred when he relied

on the preliminary examination transcript in order to establish a factual basis for defendant's plea of guilty but mentally ill.

The issue of whether or not a trial judge should be able to use a preliminary examination transcript to establish a factual basis for a guilty but mentally ill plea is one of first impression in this jurisdiction. However, there is considerable case law discussing the use of a preliminary examination transcript in order to establish the factual basis for guilty pleas and for nolo contendere pleas.

The use of the preliminary examination transcript as a means of establishing the factual basis of a guilty plea has been prohibited by the Michigan courts. *People v Schneff,* 392 Mich 15, 23; 219 NW2d 47 (1974), *People v Taylor,* 387 Mich 209, 225; 195 NW2d 856 (1972), and *People v Zuniga,* 56 Mich App 231, 234; 223 NW2d 652 (1974). In *Schneff, supra,* at 25–26, the Court states its reasons for prohibiting the use of a preliminary examination transcript as follows:

"It is our opinion that MCLA 768.35; MSA 28.1058 requires the trial court to derive the factual basis for a guilty plea directly from defendant or through testimony developed at a full adversarial trial. This procedure also provides the best method for assurance that a defendant understands the nature of the charge to which he is pleading. A complete recitation of facts from the defendant also provides for increased appellate certainty when reviewing challenged guilty pleas.

"We find therefore that the trial judge erred in considering the preliminary examination testimony when accepting defendant's guilty plea." (Footnotes omitted.)

In a footnote to the above quote we find the following:

"We note that defendant consented to the trial court's examination of the preliminary examination transcript. The result is not, however, changed by this consent. MCLA 768.35; MSA 28.1058 places the 'duty' on the trial court to insure that the plea is freely and knowingly proffered by the defendant. The procedures required in the plea taking process should be strictly complied with and may not be waived by the defendant. *Cf. People v McMiller,* 389 Mich 425, 432–434; 208 NW2d 451 (1973)." *Schneff, supra,* at 26, n 3.

Thus, a judge may not consider the preliminary examination transcript to establish a factual basis for a defendant's guilty plea.

There is an exception to the rule prohibiting the use of a preliminary examination transcript in order to establish a factual basis in the case of a nolo contendere plea. *People v Chilton,* 394 Mich 34; 228 NW2d 210 (1975), *People v Conville,* 55 Mich App 251, 253–254; 222 NW2d 312 (1974), *People v Gonzales,* 70 Mich App 319, 324; 245 NW2d 734 (1976), *lv den* 402 Mich 815 (1977), *People v Belanger,* 73 Mich App 438, 455; 252 NW2d 472 (1977).

The prosecutor urges this Court to allow the use of a preliminary examination transcript to establish a factual basis for a guilty but mentally ill plea for the same reason that the preliminary examination transcript is allowed in a nolo contendere plea. We must decline. The people have not shown us a case which allows this. We hold that the nolo plea rule is not applicable to a guilty but mentally ill plea.

In the event that there is not a sufficient showing of a factual basis to disclose defendant's participation in a crime, the trial judge may hold a hearing similar to the hearing on the issue of defendant's mental illness, MCL 768.36; MSA

28.1059. At this hearing either party may present evidence to satisfy the judge of the factual basis for the plea. Such a hearing would provide a complete recitation of the facts for appellate review.

We remand to the trial court for further hearing. On remand the prosecutor shall be given an opportunity to establish the factual basis. If he is able to do so and there is no contrary evidence, the judgment of conviction shall be affirmed. If the prosecutor is unable to establish a factual basis, the judgment of conviction shall be set aside. If contrary evidence is produced, the matter shall be treated as a motion to withdraw the guilty plea and the court shall decide the matter in the exercise of its discretion. *Guilty Plea Cases,* 395 Mich 96, 129; 235 NW2d 132 (1975), *People v Stewart,* 69 Mich App 528, 532; 245 NW2d 121 (1976).

Remanded for further proceedings in accord with this opinion.

BEASLEY, J., concurred.

M. F. CAVANAGH, P.J. *(dissenting).* I must disagree with the majority disposition of this guilty plea. A reading of *People v Schneff,* 392 Mich 15, 25–26; 219 NW2d 47, 52–53 (1974), MCL 768.35; MSA 28.1058, and GCR 1963, 785.7(3), persuades me that the factual basis in any guilty plea, mentally ill or not, must come from the defendant. If the defendant himself cannot provide it, the only other basis for conviction recognized by our system is a full adversarial trial. *Schneff, supra.* For the reasons expressed in my opinion in *People v Long,* 86 Mich App 676; 273 NW2d 519 (1978), I would order this plea vacated and remand the matter for trial.