PEOPLE v BROWN

Docket No. 44574. Submitted December 13, 1979, at Detroit.—Decided
    April 2, 1980.

    John Brown was convicted, on his plea of guilty, of armed
    robbery of money from an assistant store manager, Mr. Cubba,
    Macomb Circuit Court, Howard R. Carroll, J. As a result of
    plea bargaining four other counts, including armed robbery of a
    purse from an employee, Cathy Niver, were dismissed. Court
    rules governing plea acceptance were fully complied with ex-
    cept as to the factual basis of the plea. In his answers to the
    court's questions, defendant said that he and a woman entered
    the store by the front door while two men came through the
    back door and pronounced a stickup and defendant went be-
    hind the counter and took Cathy Niver's purse and left. Defen-
    dant admitted that the other men had guns and that when he
    entered the store he did so with the intent to steal and rob
    somebody of some money. Defendant filed a motion to withdraw
    his plea. The prosecutor conceded that defendant's narration
    was insufficient and asked for an opportunity to present evi-
    dence to show that Mr. Cubba was robbed. At a hearing on the
    motion, Mr. Cubba was allowed to testify. Defendant did not
    testify. James C. Daner, J., ruled that Mr. Cubba's testimony,
    considered with defendant's statements at the time of his plea,
    showed that Mr. Cubba had been robbed by armed men and
    that defendant was a knowing participant in the robbery. He
    observed that since defendant declined to say anything, there
    was no contrary evidence. The court denied a request of defense
    counsel for a delay to interview and possibly call the other
    robbers as witnesses and denied defendant's claim that he was
    entitled to be resentenced. Defendant appeals. *Held:*

        1. A defendant must substantially admit his guilt at a plea-
    taking proceeding before a hearing on his motion to withdraw
    his plea has any meaning. Taking Cathy Niver's purse and

REFERENCES FOR POINTS IN HEADNOTES
[1, 4, 5] 21 Am Jur 2d, Criminal Law § 494.1.
[2, 3] 21 Am Jur 2d, Criminal Law §§ 503-506.
[3] 21 Am Jur 2d, Criminal Law § 491.
[5] 21 Am Jur 2d, Criminal Law §§ 485, 486.

leaving does not state facts that establish adequate support for a finding of guilt as to the robbery of Mr. Cubba. A defendant is questioned directly to prevent acceptance of an involuntary or induced false plea of guilty and subsequent false claims of innocence. Omissions in the record recital of the factual basis for a plea may be established in some other manner. Defendant did substantially admit his guilt, in fact, he essentially admitted the robbery charged in another count. What was missing was only the assault and the taking of money from Mr. Cubba. Defendant did not deny this and, furthermore, he has never claimed that he was innocent.

2. The trial court did not abuse its discretion by refusing to delay the plea proceeding to permit defense counsel to decide whether he would call witnesses and which witnesses he wished to call.

3. All sentence information was disclosed and there was full opportunity to refute anything claimed to be inaccurate. The contention that defendant should be resentenced because the sentencing judge was furnished inaccurate information is without merit.

Affirmed.

1. CRIMINAL LAW — PLEA OF GUILTY — FACTUAL BASIS — DIRECT QUESTIONING — COURT RULES.

A court by questioning a defendant who pleads guilty shall establish support for a finding that he is guilty of the offense charged or the offense to which he is pleading (GCR 1963, 785.7[3][2]).

2. CRIMINAL LAW — PLEA OF GUILTY — FACTUAL BASIS — VACATION OF PLEA — MISSING ELEMENT — CONTRARY EVIDENCE — JUDGE'S DISCRETION — COURT RULES.

The proper procedure to follow when a plea is vacated and a case is remanded because of an inadequate factual basis for the plea is to give the prosecutor an opportunity to establish a missing element to complete an acceptable factual basis and, if he is able to do so and there is no contrary evidence, the judgment of conviction shall be affirmed; if, on the other hand, he is unable to establish the missing element, the judgment of conviction shall be set aside; where contrary evidence is produced the matter shall be treated as a motion to withdraw the guilty plea and the court shall decide the matter in the exercise of its discretion (GCR 1963, 785.7[4]).

3. CRIMINAL LAW — PLEA OF GUILTY — MOTION TO WITHDRAW PLEA — ACCURACY OF PLEA.

The purpose of a hearing on a motion to withdraw a plea of

guilty is to supplement the plea-taking proceeding and to determine the accuracy of the plea.

4. CRIMINAL LAW — PLEA OF GUILTY — FACTUAL BASIS — DIRECT QUESTIONING — OMISSIONS IN RECORD — OTHER PROOFS.

Direct questioning of a defendant in a plea-taking proceeding is not an absolute requirement; where the judge makes a conscientious effort to establish a factual basis for a plea of guilty by direct questioning of the defendant, omissions in the record recital of the factual basis may be established in some other manner.

5. CRIMINAL LAW — PLEA OF GUILTY — FACTUAL BASIS — DIRECT QUESTIONING — ADMISSION OF GUILT.

The purpose of the requirement that the factual basis of a crime be established through direct questioning of a defendant at the time a plea is taken is to prevent acceptance of involuntary or induced false pleas of guilty and subsequent false claims of innocence.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Don L. Milbourn,* Chief Appellate Lawyer, and *Robert John Berlin,* Assistant Prosecuting Attorney, for the people.

*Hannick & Hess, P.C.* (by *David M. Hess* and *Martin J. Beres),* for defendant on appeal.

Before: M. J. KELLY, P.J., and M. F. CAVANAGH and P. C. ELLIOTT,* JJ.

P. C. ELLIOTT, J.

## FACTS

After a preliminary examination, the defendant was bound over on five counts:

Count 1. Armed robbery of money from the assistant store manager, Mr. Cubba;

Count 2. Armed robbery of a purse from an employee, Cathy Niver;

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Count 3. Armed robbery of a wallet from another employee;

Count 4. Possession of a firearm when committing a felony; and

Count 5. Carrying a pistol in a car without a license.

As a result of plea bargaining, defendant was allowed to plead guilty to Count 1 with a sentence concession that the maximum sentence would not exceed 20 years and with the further understanding that he would not be charged as an habitual offender and that counts two through five would be dismissed upon his sentence.

There is no claim that GCR 1963, 785.7 was not fully complied with except as to the factual basis for the plea. In his answers to the court's questions, the defendant said that he and a woman entered the store by the front door on the day in question while two men "came through the back door and pronounced a stickup and I went behind the counter and took Cathy Knight's purse and left". The transcribed name "Knight" is a mistake; he said or meant "Niver". He admitted that the other men had guns, and that when he entered the store he did so with the intent to steal and rob somebody of some money.

The judge who had accepted the plea and sentenced the defendant to a term of 10 to 20 years retired about 60 days later. Defendant filed a motion to withdraw his plea contending that there was an inadequate factual basis for his plea to Count 1: an armed robbery of money from the presence of Mr. Cubba. The prosecutor conceded that defendant's narration was insufficient and asked for an opportunity to present evidence to show that Mr. Cubba was robbed. A visiting judge scheduled a hearing and expressed his opinion

that the missing factual element would have to be supplied by the defendant, but the prosecutor notified defense counsel that another witness would be called. The retired judge's successor permitted Mr. Cubba to testify over objection.

Mr. Cubba testified that the defendant came through the front door and was followed by a woman while a man entered by the back who announced it was a robbery. Mr. Cubba heard a gunshot in back and was directed by the man in back to go to the rear of the store where another man with a gun told him to lie on the floor where he stayed until he was made to go to the safe in front and to open it. He saw one of the men, not defendant, take the money bag out of the safe.

The defendant did not testify at the hearing. After conferring, his lawyer informed the court that defendant stands by what he said at the time of his plea "and he does not wish to state anything further".

The judge ruled that Mr. Cubba's testimony, considered with defendant's statements at the time of his plea, showed that Mr. Cubba had been robbed by armed men and that defendant was a knowing participant in the robbery. He observed that since defendant declined to say anything, there was no contrary evidence.

The court denied the request of defense counsel for a delay while he interviewed the other robbers, who were imprisoned after guilty pleas, to see if he wished to call any of them as witnesses. The court also denied a claim that defendant was entitled to be resentenced.

## Opinion

Although the prosecutor conceded that there

was an insufficient recitation by defendant when he pled, we wonder whether this is really so. It is true that defendant was pleading guilty to Count 1, the armed robbery of Mr. Cubba, and that he did not state facts that established adequate support for a finding of guilt of that count. However, what defendant said with the inferences permitted by the *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975), showed that defendant took a purse from Cathy Niver as an accomplice of the armed men and, therefore, was guilty of Count 2 which would be dismissed as a result of the plea bargain. GCR 785.7(3)(a) only requires:

"If the defendant pleads guilty, the court, by questioning him, shall establish support for a finding that he is *guilty of the offense charged or the offense to which he is pleading.* (Emphasis added.)

For example, a defendant with a bargain who pleads to an attempt usually will admit the completed felony with which he was originally charged because that is what he actually did.

Our Supreme Court has addressed the question of the proper procedure to follow when a plea is vacated and a case is remanded because of an inadequate factual basis. The *Guilty Plea Cases, supra,* say at 129:

"On remand the prosecutor shall be given an opportunity to establish the missing element. If he is able to do so and there is no contrary evidence, the judgment of conviction shall be affirmed. If the prosecutor is unable to establish the missing element, the judgment of conviction shall be set aside. If contrary evidence is produced, the matter shall be treated as a motion to withdraw the guilty plea and the court shall decide the matter in the exercise of its discretion. GCR 1963, 785.7(4)".

At a hearing on a motion to withdraw a plea because a factual element is missing, the issue is the same as when the matter has been remanded by an appellate court. It should not matter in which court the relief is sought. In either case, the hearing is to supplement the plea-taking proceeding and to determine the accuracy of the plea. By contemplating that the missing element might be shown and contradicted by "contrary evidence" the Supreme Court obviously intended that other evidence could be offered by either side whether the defendant testified or not.

"Direct questioning is not an absolute. * * * where the judge makes a conscientious effort to establish a factual basis for a plea of guilty by direct questioning of the defendant, omissions in the record recital of the factual basis may be established in some other manner * * *."

*Guilty Plea Cases, supra,* page 134, footnote 3. See also *People v Stewart,* 69 Mich App 528; 245 NW2d 121 (1976).

The defendant could have testified, but he chose not to. If he had testified and his plea was vacated, MRE 410 would prevent use against him at the trial of either his testimony or his earlier answers. However, what he said at the time of the plea and at the time of the remand hearing could be used against him in a criminal proceeding for perjury or false statement. For this reason it is advisable to swear every defendant before he is questioned at the time of the plea or at a "missing element" hearing. A sentence for perjury could be consecutive; MCL 768.7b; MSA 28.1030(2).

A defendant who appeals his plea-based conviction or who moves to withdraw his plea can be expected to deny the missing element unless, out

of fear of a perjury charge, he remains silent. There is nothing to be gained by his appeal or motion if he is going to admit the missing element. On the other hand, there is nothing to lose if he is allowed to withdraw his plea because he will retain the benefit of his bargain due to *People v McMiller,* 389 Mich 425, 434; 208 NW2d 451 (1973), and see *People v Taylor,* 89 Mich App 238; 280 NW2d 500 (1979). Consequently a hearing that is limited to further inquiry of the defendant would be a waste of time. The purpose of the requirement that the factual basis of the crime be established through direct questioning of the defendant at the time the plea is offered is to prevent acceptance of "involuntary or induced false pleas of guilty", and "subsequent false claims of innocence". *People v Barrows,* 358 Mich 267, 272; 99 NW2d 347, 350 (1959). This purpose is perverted by application of the requirement to a situation such as this where defendant has substantially admitted his guilt and then refuses to testify further or make an offer of proof at the hearing on his motion to vacate the plea.

A hearing contemplated by the *Guilty Plea Cases, supra,* at which evidence other than defendant's can be considered, is limited to instances where an essential element or elements were neither denied nor admitted by the defendant due to an oversight of the judge and prosecutor at the time of his plea. Such a hearing is not possible when the defendant has not substantially admitted his guilt. See *People v Long,* 86 Mich App 676; 273 NW2d 519 (1978).

In the case at hand, the defendant did substantially admit his guilt. In fact, he essentially admitted the armed robbery charged in another count. What was missing was only the assault and the

taking of money from the victim named in the count to which he was pleading. Defendant did not deny this at the time of his plea. Moreover, he has never claimed that he was innocent.

The defendant could have testified and the trial judge was not required to delay the proceeding to permit defense counsel to decide whether he would call witnesses or whom he wished to call as witnesses. As stated in *People v Parker,* 76 Mich App 432, 439, 440; 257 NW2d 109, 113 (1977):

"Requests for adjournments or continuances are addressed to the trial court's discretion, and absent an abuse of this discretion the decision will not be overturned. [Citations omitted.] Adjournments or continuances are not to be granted except for good cause shown."

The contention that defendant should be resentenced because the sentencing judge was furnished inaccurate information is without merit. All information was disclosed and defendant and his counsel had full opportunity to refute anything claimed to be inaccurate. See *People v McIntosh,* 62 Mich App 422; 234 NW2d 157 (1975), *People v Books,* 95 Mich App 500; 291 NW2d 94 (1980).

Affirmed.