PEOPLE v SEES

Docket No. 52930. Submitted February 9, 1981, at Lansing.—Decided March 5, 1981. Leave to appeal applied for.

James R. Sees, Sr., was convicted, on his plea of guilty, of attempted possession of heroin in the Ingham Circuit Court, Thomas L. Brown, J. His conviction was affirmed by the Court of Appeals. He sought leave to appeal to the Supreme Court. The Supreme Court found that the record failed to establish "such a progress that [the crime] will be consummated unless interrupted by circumstances independent of the will of the attempter" and in lieu of leave to appeal remanded to the Ingham Circuit Court to afford the prosecutor an opportunity to establish a factual basis for the crime charged (delivery of heroin) or the one to which he pled guilty, 407 Mich 879 (1979) and 407 Mich 940 (1979). On remand, defendant did not testify. The prosecutor was permitted to supplement defendant's factual basis with the testimony of the police officer who testified to defendant's delivery of heroin to him. The plea was again accepted, Thomas L. Brown, J. Defendant appeals. *Held:*

The Supreme Court found that defendant had substantially admitted his guilt of attempt to possess heroin and remanded for a hearing at which the prosecutor was to have the opportunity to supplement the record of the factual basis for the plea. Where the judge makes a conscientious effort to establish a factual basis for a plea of guilty by direct questioning of the defendant, omissions of the record recital of the factual basis may be established in some other manner.

Affirmed.

CRIMINAL LAW — GUILTY PLEAS — FACTUAL BASIS FOR PLEA — OMISSIONS IN RECORD.

Direct questioning of a defendant in a plea-taking proceeding is not an absolute requirement; where the judge makes a conscientious effort to establish a factual basis for a plea of guilty by direct questioning of the defendant, omissions in the record

REFERENCE FOR POINTS IN HEADNOTE
[1] 21 Am Jur 2d, Criminal Law §§ 484, 486.

recital of the factual basis may be established in some other manner.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, and *Charles M. Sibert,* Chief Appellate Attorney, for the people.

*Ronald J. Bretz,* Assistant State Appellate Defender, for defendant on appeal.

Before: CYNAR, P.J., and J. H. GILLIS and ALLEN, JJ.

PER CURIAM. On December 2, 1977, defendant pled guilty to attempted possession of heroin in violation of MCL 335.341(1)(a); MSA 18.1070(41)(1)(a). In exchange for defendant's plea, the prosecution dropped a charge of delivery of heroin against defendant. Defendant was sentenced to 16 to 24 months imprisonment, his sentence to run concurrently with a 13 to 20 years sentence defendant received on an unrelated delivery of heroin conviction.

At the plea taking hearing, defendant admitted that he had attempted to purchase heroin. Defendant's attempts consisted of several phone calls to individuals he reasonably believed might be in possession of heroin that he could purchase. Defendant indicated that although he made the effort to obtain the heroin, he was unsuccessful. The trial court accepted defendant's plea. Defendant appealed to a panel of this Court and his conviction was affirmed. He then requested review by the Supreme Court. In lieu of granting leave to appeal, on September 28, 1979, the Supreme Court issued the following order: "[P]ursuant to GCR 1963, 853.2(4), we remand to the Ingham Circuit Court

to give the prosecutor an opportunity to establish a factual basis for the crime the defendant was charged with committing or the one to which he pled guilty". *People v Sees,* 407 Mich 879 (1979). The prosecution filed a motion for clarification, which, on December 7, 1979, the Supreme Court granted, stating:

"On remand to Ingham Circuit Court, as noted in our previous order, the prosecutor is to have an opportunity to establish a factual basis for the crime the defendant was charged with committing or the one to which he pled guilty. As to the crime to which the defendant pled guilty (attempted possession of heroin) the factual basis adduced at the time of the defendant's plea was insufficient in that defendant's remarks to the effect that he placed telephone calls to individuals whom he thought might possess heroin with the idea that he would purchase some is insufficient to demonstrate 'such progress that [the crime] will be consummated unless interrupted by circumstances independent of the will of the attempter'. *People v Coleman,* 350 Mich 268, 277; 86 NW2d 281 (1957)." *People v Sees,* 407 Mich 940 (1979).

On May 14, 1980, the remand hearing was held in Ingham Circuit Court. Defendant objected to this proceeding and would not testify to supplement the factual basis given at the plea taking. The prosecution produced police officer Duby as a witness to supplement the factual basis for defendant's plea. After Officer Duby's testimony, defendant's plea was again accepted.

Defendant now appeals claiming that he did not substantially admit guilt during the original plea taking hearing and that it was therefore error for the Supreme Court to order a remand hearing and for the trial court on remand to allow Officer Duby to testify to establish the factual basis for defendant's plea. Defendant relies primarily upon *Peo-*

*ple v Long,* 86 Mich App 676; 273 NW2d 519 (1978), and *People v Brown,* 96 Mich App 565; 293 NW2d 632 (1980), to support his claim of error. *Long* holds that, where a defendant enters a plea of guilty but mentally ill but has no memory of any of the events in question, the prosecutor should not be allowed to establish the entire factual basis on remand. *Brown, supra,* 572, stated that remand:

"is limited to instances where an essential element or elements were neither denied nor admitted by the defendant due to an oversight of the judge and prosecutor at the time of his plea."

*Brown* further explained that "[s]uch a [remand] hearing is not possible when the defendant has not substantially admitted his guilt". *Id.*

*Long, supra,* is easily distinguishable. In the present case, rather than having no memory of the events in question, defendant readily admitted at the plea taking hearing his intent and attempts to possess heroin. Contrary to defendant's assertion that he did not substantially admit his guilt at the plea taking hearing and that he did fall within the *Brown* ruling prohibiting a remand hearing, the Supreme Court found that defendant had substantially admitted his guilt to attempt to possess heroin and remanded for a hearing at which the prosecutor was to have the opportunity to establish the missing element, *i.e.,* "such progress that [the crime] will be consummated unless interrupted by circumstances independent of the will of the attempter". *People v Sees,* 407 Mich 940 (1979). This Court is bound by the Supreme Court's ruling in this matter.

Defendant next objects to the trial court's allowance of Officer Duby's testimony to supplement defendant's factual basis. On remand, defendant did not testify. The prosecution produced Officer Duby who testified that defendant accepted money from Officer Duby for the purchase of drugs on the date in question. Duby further testified that defendant then left the house and returned some five minutes later and went to an upstairs bedroom. Duby also went upstairs and was given heroin by the defendant. Defendant did not cross-examine Officer Duby or take the stand to deny Duby's testimony. At the conclusion of the testimony, the trial court quoted the Supreme Court order remanding the case and stated that there was now sufficient evidence to establish the factual basis and accepted defendant's plea of guilty.

Defendant's contention that only he could provide the necessary supplementation of the factual basis is incorrect. It is well settled that direct questioning of a defendant is not an absolute. Where there has been a conscientious effort to establish the factual basis by direct questioning of a defendant, omissions in the record recital of the factual basis may be established in some other manner, such as by the questioning of other witnesses. *Brown, supra,* 571, *Guilty Plea Cases,* 395 Mich 96, 134, fn 3; 235 NW2d 132 (1975). See also *People v McKnight,* 102 Mich App 581; 302 NW2d 241 (1980). We find no error in the allowance of Officer Duby's testimony. Defendant was afforded the opportunity to supplement the factual basis himself or present testimony refuting Officer Duby's testimony. Defendant did neither and cannot now complain.

Affirmed.