PEOPLE v BAZZI

Docket No. 53562. Submitted September 14, 1981, at Detroit.—Decided December 18, 1981. Leave to appeal applied for.

Mohamad Bazzi was convicted, on his plea of guilty but mentally ill, of second-degree murder and felony-firearm in the Wayne Circuit Court, Harold Hood, J. Defendant appealed, alleging that an essential element of the crime was improperly established by external evidence rather than by his statements and that the trial court improperly concluded that defendant was mentally ill at the time of the commission of the crime. *Held:*

1. The procedure for taking a plea of guilty but mentally ill is the same as for a plea of guilty, except that the additional element of mental illness at the time of the offense must also be established. The court must establish guilt by direct questioning of the defendant prior to accepting a plea of guilty but mentally ill. However, where the defendant substantially admits his guilt and recites the facts surrounding the commission of the offense, essential elements which are not within defendant's knowledge may be supplied by other sources. Defendant admitted the shooting but could not of his own knowledge state the cause of death. On stipulation of counsel the autopsy report was admitted to show the cause of death. The record adequately establishes a factual basis for the plea and the procedure was not improper.

2. The record as a whole adequately supports the court's conclusion that the defendant was mentally ill at the time of the commission of the offense even though there was no direct expert evidence to that effect.

Affirmed.

1. CRIMINAL LAW — PLEA PROCEDURES.

The procedure for taking a plea of guilty but mentally ill is the same as for a plea of guilty, except that the additional element of mental illness at the time of the offense must also be

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 21 Am Jur 2d, Criminal Law §§ 154, 469 *et seq.*
[2] 21 Am Jur 2d, Criminal Law § 44.
[3] 21 Am Jur 2d, Criminal Law § 103.

established; the court must establish guilt by direct questioning of the defendant prior to accepting a plea of guilty but mentally ill.

2. CRIMINAL LAW — PLEA PROCEDURES — FACTUAL BASIS FOR PLEA.

A prosecutor may not establish the defendant's participation in the crime by independent evidence where the defendant tenders a plea but has no memory of the events in question; however, where the defendant substantially admits his guilt and recites the facts surrounding the commission of the offense, essential elements which are not within defendant's knowledge may be supplied by other sources.

3. CRIMINAL LAW — PLEA PROCEDURES — GUILTY BUT MENTALLY ILL.

A court, prior to accepting a plea of guilty but mentally ill, must examine the psychiatric evaluations prepared on the defendant and must hold a hearing to determine whether he was mentally ill at the time the offense was committed (MCL 768.36; MSA 28.1059).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

*Frank D. Eaman,* for defendant.

Before: BASHARA, P.J., and J. H. GILLIS and V. J. BRENNAN, JJ.

PER CURIAM. Defendant was charged with first-degree murder, MCL 750.316; MSA 28.548, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Pursuant to a plea agreement, he pled guilty but mentally ill to second-degree murder, MCL 750.317; MSA 28.549, and felony-firearm. He was sentenced to consecutive terms of 7-1/2 to 15 years and 2 years, respectively, and appeals as of right.

Defendant first contends that there was an inadequate factual basis to support his pleas, in that

an essential element of the crime of second-degree murder was established by external evidence rather than by defendant's own statements.

The procedure for taking a plea of guilty but mentally ill is the same as for a plea of guilty, except that the additional element of mental illness at the time the offense was committed must also be established. *People v Long,* 86 Mich App 676; 273 NW2d 519 (1978), *lv gtd* 408 Mich 893 (1980). Before accepting a plea of guilty but mentally ill, the court must directly question the defendant to determine whether he is guilty of the offense. *People v Long, supra, People v Booth,* 86 Mich App 646; 273 NW2d 570 (1978), *lv gtd* 408 Mich 893 (1980). Where a defendant tenders such a plea but has no memory of any of the events in question, the prosecutor is not allowed to independently establish defendant's participation in the crime. *People v Long, supra, People v Sees,* 104 Mich App 477; 304 NW2d 612 (1981). However, where defendant substantially admits his guilt and recites the facts surrounding the commission of the offense, essential elements which are not within defendant's knowledge may be supplied by other sources. *People v Long, supra, People v Brown,* 96 Mich App 565; 293 NW2d 632 (1980), *People v Sees, supra.*

In this case, defendant stated in response to direct questioning by the court that he remembered shooting his wife with a .38-caliber gun, which he had purchased on the street, and that he knew it was wrong to kill someone. Defendant did not remember how many times he shot his wife and could not, of his own independent knowledge, state whether she died as a result of the gunshots. Accordingly, the autopsy report was admitted by stipulation of counsel, which showed that the de-

ceased died from multiple gunshot wounds, including four shots to the head. Under the circumstances, it was entirely proper to establish this element of the offense by external evidence. We are satisfied that the record establishes an adequate factual basis for the pleas. GCR 1963, 785.7(3)(a).

Before accepting a plea of guilty but mentally ill, the court, in addition to establishing an adequate factual basis, must examine the psychiatric evaluations prepared on the defendant and must hold a hearing to determine whether defendant was mentally ill at the time the offense was committed. MCL 768.36; MSA 28.1059. Defendant claims error in the trial court's conclusion that he was mentally ill at the time of the commission of the offense.

In this case, the report of the examiner from the Center for Forensic Psychiatry concluded that, while defendant had experienced several medical and personal problems resulting in severe depressive reaction which required several terms of hospitalization in a mental institution, he was neither mentally ill nor insane at the time the offense was committed. See MCL 768.21a, 330.1400a; MSA 28.1044(1), 14.800(400a). The reports of two independent examiners concluded that defendant was insane at the time he committed the criminal act. Of course, a psychiatric evaluation which is admitted as evidence serves only as an aid to the court. While none of the examiners concluded that defendant was mentally ill but not insane, the substance of the reports as well as defendant's statements at the plea proceeding support the trial court's conclusion.

Affirmed.