PEOPLE v. DAVIS

1. BURGLARY—BREAKING—FORCE.

The slightest force is all that is necessary to constitute a breaking (MCLA § 750.110).

2. CRIMINAL LAW—CODEFENDANTS—PUNISHMENT.

One acting in concert with his codefendants may be punished as if he had directly committed the criminal offense (MCLA § 767.39).

3. CRIMINAL LAW—PLEA OF GUILTY.

A plea of guilty was properly accepted where defendant was represented by counsel, was informed of his privilege against self-incrimination and of his right to a jury trial, his guilty plea was without question knowingly and voluntarily made, and the events surrounding defendant's apprehension strongly reinforced his plea of guilty (MCLA § 768.35; GCR 1963, 785.3).

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted Division 1 February 10, 1970, at Detroit. (Docket No. 7,284.) Decided February 24, 1970.

Barry Davis was convicted, on his plea of guilty, of attempted breaking and entering with intent to commit larceny. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 13 Am Jur 2d, Burglary § 11.
[2] 21 Am Jur 2d, Criminal Law § 120 et seq.
[3] 21 Am Jur 2d, Criminal Law § 484 et seq.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief Appellate Attorney, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Gerald S. Surowiec,* for defendant on appeal.

Before: QUINN, P. J., and R. B. BURNS and FITZGERALD, JJ.

PER CURIAM. Defendant, Barry Davis, and two others were charged with the breaking and entering of a business place with intent to commit a larceny or felony therein pursuant to MCLA § 750.110 (Stat Ann 1968 Cum Supp § 28.305). On August 12, 1968, defendant being represented by counsel tendered a plea of guilty to the lesser included offense of attempted breaking and entering with intent to commit larceny under MCLA § 750.92 (Stat Ann 1962 Rev § 28.287).

After questioning defendant Davis, the court accepted the guilty plea and on September 16, 1968, defendant was sentenced to serve four to five years in prison. Defendant now brings this appeal.

The only issue with which we are faced is whether the trial court committed reversible error in accepting defendant's plea of guilty. Defendant argues that his plea was accepted in contravention of GCR 1963, 785.3 and MCLA § 768.35 (Stat Ann 1954 Rev § 28.1058). The main thrust of this argument is that the proceedings failed to establish a "breaking". A review of the record discloses that defendant, in his own words, described entering the particular business establishment on a Sunday morning by pushing open a door. Authority dictates that the slightest force is all that is necessary

to constitute a breaking. See 3 Gillespie, Michigan Criminal Law and Procedure (2d ed), § 1133, p 1527; *People* v. *White* (1908), 153 Mich 617; and *People* v. *Lambo* (1967), 8 Mich App 320. Furthermore, one of Davis' codefendants testified that he removed a small plate glass window to gain entry into the business establishment. Another codefendant also described Davis' participation in these events. Davis, acting in concert with his codefendants, may be punished as if he had directly committed the offense. MCLA § 767.39 (Stat Ann 1954 Rev § 28.979).

The transcript also discloses that defendant appeared with counsel, was informed of his privilege against self-incrimination and his right to jury trial. There is no question that the plea of guilty was knowingly and voluntarily made. Defendant was apprised of the maximum prison sentence he faced if proven guilty.

The events surrounding defendant's apprehension strongly reinforce his plea of guilty. See *People* v. *Curley* (1894), 99 Mich 238. Thus, we find no evidence that a miscarriage of justice resulted from defendant's plea of guilty. *People* v. *Winegar* (1968), 380 Mich 719, 733.

Affirmed.