PEOPLE v KEDO

Docket No. 52051. Submitted December 3, 1980, at Detroit.—Decided
March 26, 1981.

Jeffrey L. Kedo was convicted, on his plea of guilty, in the Calhoun
Circuit Court, Creighton R. Coleman, J., of breaking and enter-
ing with intent to commit larceny and joyriding. Defendant
appealed and the Court of Appeals, in an unpublished per
curiam opinion (docket nos. 44541, 46986, released February 27,
1980), ruled that there was an insufficient factual basis for the
breaking and entering plea to be accepted and remanded to
allow the prosecutor to attempt to establish the missing ele-
ment of a breaking. Following a hearing, the court again
accepted the plea. Defendant appeals. *Held:*

1. The proper procedure to follow when a plea is vacated and
a case is remanded because of an inadequate factual basis for
the plea is to give the prosecutor an opportunity to establish
the missing element to complete an acceptable factual basis
and, if he is able to do so and there is no contrary evidence, the
judgment of conviction shall be affirmed. If, on the other hand,
he is unable to establish the missing element, the judgment of
conviction shall be set aside. Where contrary evidence is pro-
duced the matter shall be treated as a motion to withdraw the
guilty plea and the court shall decide the matter in the exercise
of its discretion.

2. A factual basis for acceptance of a plea of guilty exists if
an inculpatory inference can reasonably be drawn by a jury
from the facts admitted by the defendant, even if an exculpa-
tory inference could also be drawn and defendant asserts the
latter is the correct inference. However, a prosecutor who, in a
remand proceeding to establish a missing element in the fac-
tual basis for a defendant's guilty plea, promises to prove the
missing element beyond a reasonable doubt should be held to

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4, 6, 7] 21 Am Jur 2d, Criminal Law § 489.
[2] 21 Am Jur 2d, Criminal Law § 500 *et seq.*
[5] 13 Am Jur 2d, Burglary §§ 8, 11, 12.

his promise. The prosecutor failed to establish a breaking beyond a reasonable doubt as he had promised to do.

Remanded with instructions.

1. CRIMINAL LAW — GUILTY PLEAS — FACTUAL BASIS — VACATION OF PLEA — COURT RULES.

The proper procedure to follow when a plea is vacated and a case is remanded because of an inadequate factual basis for the plea is to give the prosecutor an opportunity to establish the missing element to complete an acceptable factual basis and, if he is able to do so and there is no contrary evidence, the judgment of conviction shall be affirmed; if, on the other hand, he is unable to establish the missing element, the judgment of conviction shall be set aside; where contrary evidence is produced the matter shall be treated as a motion to withdraw the guilty plea and the court shall decide the matter in the exercise of its discretion (GCR 1963, 785.7[4]).

2. CRIMINAL LAW — GUILTY PLEAS — MOTION TO WITHDRAW PLEA — ACCURACY OF PLEA.

The purpose of a hearing on a motion to withdraw a plea of guilty is to supplement the plea-taking proceeding and to determine the accuracy of the plea.

3. CRIMINAL LAW — GUILTY PLEAS — FACTUAL BASIS.

Direct questioning of a defendant in a plea-taking proceeding is not an absolute requirement; where the judge makes a conscientious effort to establish a factual basis for a plea of guilty by direct questioning of the defendant, omissions in the record recital of the factual basis may be established in some other manner.

4. CRIMINAL LAW — GUILTY PLEAS — FACTUAL BASIS — ADMISSION OF GUILT.

The purpose of the requirement that the factual basis of a crime be established through direct questioning of a defendant at the time a plea is taken is to prevent acceptance of involuntary or induced false pleas of guilty and subsequent false claims of innocence.

5. BURGLARY — BREAKING AND ENTERING — BREAKING — FORCE.

To constitute a breaking, sufficient for a breaking and entering charge, the slightest force is all that is necessary.

6. CRIMINAL LAW — GUILTY PLEAS — INFERENCES.

A factual basis for acceptance of a plea of guilty exists if an inculpatory inference can reasonably be drawn by a jury from

the facts admitted by the defendant even if an exculpatory inference could also be drawn and defendant asserts the latter is the correct inference.

7. CRIMINAL LAW — GUILTY PLEAS — FACTUAL BASIS — BURDEN OF PROOF — PROSECUTORIAL PROMISES.

A prosecutor who, in a remand proceeding to establish a missing element in the factual basis for a defendant's guilty plea, promises to prove the missing element beyond a reasonable doubt should be held to his promise.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James Norlander,* Prosecuting Attorney, and *Conrad J. Sindt,* Assistant Prosecuting Attorney, for the people.

*Derrick A. Carter,* Assistant State Appellate Defender, for defendant on appeal.

Before: D. C. RILEY, P.J., and D. E. HOLBROOK, JR., and M. B. BREIGHNER,* JJ.

PER CURIAM. In February, 1979, defendant was convicted on his pleas of guilty to breaking and entering with intent to commit larceny, contrary to MCL 750.110; MSA 28.305, and to "joyriding", contrary to MCL 750.414; MSA 28.646. He was subsequently sentenced to prison terms of from 5 to 10 years on the breaking and entering conviction, and from 16 to 24 months on the joyriding conviction, the sentences to run concurrently.

Defendant appealed his convictions to this Court and on February 27, 1980, in an unpublished per curiam opinion (docket nos. 44541, 46986), a panel of this Court ruled that the proffered plea to the breaking and entering charge lacked a sufficient factual basis since there was no evidence of any "breaking". The Court held that defendant's statement at the plea-taking proceedings, that he and

---

* Circuit judge, sitting on the Court of Appeals by assignment.

an accomplice had gone to a school between 10 p.m. and midnight and "went in the door on the left-hand side and went up to the office, got some money", was insufficient to establish a breaking or to permit the inculpatory inference of a breaking. Following the procedure outlined by the Michigan Supreme Court in *Guilty Plea Cases*, 395 Mich 96, 129; 235 NW2d 132 (1975), this Court remanded the matter to the trial court in order to allow the prosecution to attempt to establish the missing element. This Court affirmed the joyriding conviction, holding that there was a sufficient factual basis to sustain the plea.

On May 2, 1980, further proceedings were conducted in the trial court. Over defendant's objection, the prosecutor was permitted to examine a janitor employed by the school that had been broken into. The janitor testified that he was in charge of locking the building at night and that, on the night of the break-in, he had in fact secured all of the doors. Satisfied that the missing element had been established by the witness's testimony, the court affirmed defendant's conviction. The defendant did not testify at the hearing. Defendant now appeals as of right.

Defendant asserts that the factual basis for a guilty plea must come exclusively from the defendant, and that, if he cannot provide it, in full or in part, he must be afforded a full adversarial trial.

The starting point of our analysis is the directive issued by the Supreme Court in *Guilty Plea Cases, supra,* that:

"On remand the prosecutor shall be given an opportunity to establish the missing element. If he is able to do so and there is no contrary evidence, the judgment of conviction shall be affirmed. If the prosecutor is unable to establish the missing element, the judgment

of conviction shall be set aside. If contrary evidence is produced, the matter shall be treated as a motion to withdraw the guilty plea and the court shall decide the matter in the exercise of its discretion. GCR 1963, 785.7(4)." *Id.,* 129.

Also at issue is the applicable court rule, GCR 1963, 785.7(3)(a):

"If the defendant pleads guilty, the court, by questioning him, shall establish support for a finding that he is guilty of the offense charged or the offense to which he is pleading."

Another panel of this Court was recently faced with the identical issue before us now. In *People v Brown,* 96 Mich App 565; 293 NW2d 632 (1980), the Court held that, on remand to supply the missing element necessary to complete the factual basis needed for a guilty plea, the prosecutor is entitled to produce evidence independent of the defendant's own admissions where (1) an essential element or elements of the offense were neither denied nor admitted by the defendant due to oversight of the judge and prosecutor at the time of the plea and (2) the defendant substantially admitted his guilt at the initial plea hearing. *Brown, supra,* 572.

We believe *Brown* is a well-reasoned opinion and that the test it announces is both workable and constitutionally sound. Citing *People v Barrows,* 358 Mich 267, 272; 99 NW2d 347, 350 (1959), *Brown* stated that the "purpose of the requirement that the factual basis of the crime be established through direct questioning of the defendant at the time the plea is offered is to prevent acceptance of 'involuntary or induced false pleas of guilty' and 'subsequent false claims of innocence' ". *Brown,*

*supra,* 572. We agree with the *Brown* Court's conclusion that "[t]his purpose is perverted by application of the requirement to a situation * * * where defendant has substantially admitted his guilt and then refuses to testify further or make an offer of proof at the hearing on his motion to vacate the plea". *Id., 572.*

The Supreme Court itself in *Guilty Plea Cases* recognized that upon remand the missing elements could be established apart from the defendant's own testimony. Rather than directing trial judges to query defendants as to the missing elements, the Court instead spoke in terms of the *prosecutor* establishing the missing elements. In addition, the Court contemplated the resolution of situations where "contrary evidence" would be produced. Clearly, the implication is that either party may produce evidence. More significantly, the Court stated that:

"Direct questioning is not an absolute. * * * [W]here the judge makes a conscientious effort to establish a factual basis for a plea of guilty by direct questioning of the defendant, omissions in the record recital of the factual basis may be established in some other manner." *Guilty Plea Cases, supra,* 134, fn 3.

There are also pragmatic reasons for rejecting defendant's argument. As the *Brown* Court recognized:

"A defendant who appeals his plea-based conviction or who moves to withdraw his plea can be expected to deny the missing elements unless, out of fear of a perjury charge, he remains silent. There is nothing to be gained by his appeal or motion if he is going to admit the missing element * * *. Consequently, a hearing that is limited to further inquiry of the defendant would be a waste of time." *Brown, supra,* 571-572.

As a matter of federal constitutional law, we believe the procedure outlined in *Guilty Plea Cases* and interpreted in *Brown* is sound. The United States Supreme Court has recognized three basic constitutional requirements which must be satisfied if a guilty plea is to be upheld. First, the plea must have been made voluntarily. Secondly, it must have been made intelligently. Finally, the record must show that the plea was made both voluntarily and intelligently. *Brady v United States*, 397 US 742; 90 S Ct 1463; 25 L Ed 2d 747 (1970).

As our Supreme Court stated in *People v Barrows, supra,* the primary purpose of requiring the defendant to *personally* state a factual basis is to insure that his plea is voluntary. Another purpose is to satisfy the judge that the plea is a "well-considered and well-advised choice by the defendant", *Guilty Plea Cases, supra,* 134, fn 2, or in other words, that it is intelligently made.

By requiring the defendant to *personally* provide a factual basis for his plea, Michigan law therefore insures that the defendant's plea is both voluntarily and intelligently made. This is all that is constitutionally required.

It should be realized, however, that another purpose for requiring a factual basis is to make sure the defendant's plea is *accurate,* so that he is not overcharged. It is quite plausible that a defendant might enter a knowing and voluntary plea which is nevertheless inaccurate. Since accuracy, and indeed the requirement of a factual basis, is not part of the constitutional equation, it follows that the trial judge should have greater latitude in providing a factual basis.

The constitutional requirements of a voluntary and intelligent plea are met by *Brown,* since be-

fore a case can be remanded to fill in a missing element, the appellate court must be satisfied that the defendant "substantially admitted his guilt" and that the omissions were essentially a matter of inadvertence. The defendant cannot be heard to complain if the prosecutor provides the missing elements on remand, since at the original plea proceeding (if *Brown* is satisfied) the defendant would already have entered a knowing and voluntary plea.

Defendant's contention also pales when viewed in light of the federal rule which reads as follows:

"Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such a plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." FR Crim P 11(f).

This rule has been interpreted as giving a trial court wide latitude concerning the methods by which it can satisfy itself that the factual basis is accurate. Indeed, according to the 1966 Committee Note, there are at least four sources from which the court may determine if there is a factual basis: (1) inquiry of the defendant; (2) inquiry of the prosecutor; (3) examination of the presentence report; or (4) otherwise. Among examples of the latter category would be the taking of testimony or consideration of documentary evidence. *United States v Clark,* 407 F2d 1336 (CA 4, 1969).

In view of the liberal methods by which a prosecutor in the federal courts may provide a factual basis, we are convinced the procedure established by the *Guilty Plea Cases,* as explained in *Brown,* stands up to constitutional scrutiny.

Having reviewed the record, we conclude that defendant did substantially admit his guilt and that he did so voluntarily and intelligently. The

only element that was missing concerned whether defendant had "broken" into the school.

It is established that, to amount to a breaking, some force, no matter how slight, must be used to gain entry. *People v Clark,* 88 Mich App 88, 91; 276 NW2d 527 (1979), *People v Davis,* 22 Mich App 70; 176 NW2d 715 (1970). At the original plea proceeding, the defendant neither denied nor admitted that he used force to enter the building. Rather, both the prosecutor and the judge neglected to ask the defendant whether he used force.

Defendant contends on appeal that even on remand, at which time the prosecutor presented as his sole witness a night janitor of the school, the prosecutor failed to establish the missing "breaking" element. We agree. The usual standard of review is that:

"A factual basis for acceptance of a plea exists if an inculpatory inference can reasonably be drawn by a jury from the facts admitted by the defendant even if an exculpatory inference could also be drawn * * *." *Guilty Plea Cases, supra,* 130.

Were we to apply this standard, the question of whether the janitor supplied sufficient facts from which we could infer a breaking would admittedly be close. As the record reveals,[1] however, all the

---

[1] It is clear from reviewing the transcript of the proceedings held on remand to allow the prosecution to attempt to establish the missing "breaking" element that all parties concerned were proceeding with the understanding, stipulated to on the record, that the prosecutor would have to establish a "breaking" beyond a reasonable doubt.

"*[Assistant Prosecuting Attorney]:* Now, I have no objection that my burden here be beyond a reasonable doubt. I think that even in the case of a guilty plea, there must be evidence from the defendant's own statements which would support an inference of his guilt beyond a reasonable doubt. I don't believe that a guilty plea can be accepted on any other basis. The evidence which I propose to present here, in my opinion, will establish beyond a reasonable doubt the missing element of breaking. Beyond that, I have nothing else.

parties to the remand proceeding agreed that the prosecutor should bear the burden of proving the missing element "beyond a reasonable doubt". On these facts, we believe the prosecutor should be held to his promise.

Having thoroughly reviewed the janitor's testimony, we are convinced that the prosecutor has failed to carry his burden. Although the record is far from clear, it appears that the janitor may not have locked the outside doors to the school until 11 p.m. In view of defendant's original testimony that he entered the school between 10 p.m. and midnight, it is entirely possible that the defendant may have entered the building at a time when the general public had access to the building. This theory is plausible since the janitor admitted that there may have been activities going on that night involving public use of the school facilities. In addition, the witness did not provide any testimony from which we could infer forced entry, such as broken windows or doors.

Since, in accordance with his stipulation, the prosecutor has failed to establish a "breaking" beyond a reasonable doubt, we remand this matter to the trial court to vacate the breaking and entering conviction and to enter a conviction for larceny in a building, MCL 750.360; MSA 28.592, and for resentencing.

Remanded.

---

"*The Court:* All right. Your objection is on the record. I am going to allow the prosecutor to proceed to call his witness.

"*[Defense Attorney]:* Then, Judge, do you think you will look at the testimony beyond the reasonable doubt standard or—

"*The Court:* Well, if I understood the arguments of [assistant prosecuting attorney], he agrees that the court should adopt a standard of that kind. Is that right, [assistant prosecuting attorney]?

"*[Assistant Prosecuting Attorney]:* That's right.

"*The Court:* So I will adopt that standard, [assistant prosecuting attorney]?

"*[Assistant Prosecuting Attorney]:* [Witness], would you step forward and be sworn?"

D. E. HOLBROOK, JR., J., concurs in the result only.